On Rehearing.
Manning, C. J.
The bankrupt Act of 1841 forbade the discharge of a debtor from debts “created in consequence of a defalcation as a public officer, or as executor, administrator, guardian, or trustee, or while acting in any other fiduciary capacity.”
The bankrupt Act of 1867 provided that “ no debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while in any fiduciary character, shall be discharged.”
The Supreme Court of the United States held that a factor was not within the exceptions of the Act of 1841, not being included in the general designation ‘other fiduciary capacity’ — ruling that those words *818 must mean the same class of trusts as those specifically mentioned, all •of which were special and not implied trusts. Chapman v. Eorsyth, 2 How. 202. There has been no decision of that court upon this portion of the corresponding clause of the Act of 1867, the case of Neal v. Clark, 5 Otto, 704, dealing alone with that part of the clause which relates to ‘fraud,’ and settling only that constructive fraud is not within the meaning of that Act.
Meanwhile the State courts have differed as to whether the changed phraseology of the last Act imparts to it a different meaning from the first.
The Massachusetts court hold that the phrase ‘fiduciary character’ does not include the obligation of a debtor, to whom accepted bills of exchange were delivered by their owner with directions to collect them and apply so much of their proceeds as was necessary to the payment of debts owing by the owner to the estate of a deceased person, of whom the debtor was administratrix — saying that the phrase implies a fiduciary relation existing previous to or independent of the particular transaction from which the debt arises, and that in that case the debt •arose out of a single transaction and its creation involved no element other than that of contract. The'court there apply the ruling in Chapman v. Forsyth for the reason that the language of the two bankrupt Acts is “substantially the same.” Cronan v. Cotting, 104 Mass. 245.
The Missouri court say the language of the Act of 1867 seems to have been made broader intentionally, and that a factor stands in a fiduciary relation to his principal in respect to the proceeds of goods sold, and his debt thus incurred is not discharged under that Act. Lanecke v. Booth, 47 Mo. 387. Similar decisions have been made by •other courts which were elaborately set forth in Banning vs. Bleakely 27 Annual, 257, in which case the same doctrine was maintained, and was reiterated in Brown v. Garrard, 28 Annual, 870.
The U. S. Circuit Court, sitting at New York, had the-question squarely presented, and Nelson J. said the provision in the Act of 1867 was much broader than in the Act of 1841, and therefore the case of Chapman v. Forsyth did not control the construction of the later Act. In re Kimball, 6 Blatchf. 292. On the other hand, in the U. S. Circuit Court, sitting at Charleston, Waite C. J. ruled that the debt due by the defendant in that case as a factor or commission merchant is not such a debt, contracted in a fiduciary capacity, as is contemplated by the Act of Congress to be exempted from the operation of a discharge in bankruptcy. Owsley v. Cobin, 15 Nat. Bankr. Register, 489.
Whatever may be the grounds of these conflicting decisions in the State courts and the U. S.'Circuit Courts, — whether based upon the idea that the language of the Act of 1867 is more comprehen *819 sive than that of 1841, or that the relation of a factor to his principal, quoad the proceeds of goods sold, is essentially fiduciary in its character — the legislation of this State has attached the quality of a trust to that relation, has conferred upon it the responsibilities ensuing therefrom, and has affixed criminal penalties to its violation. Rev. Stats, sec. 905.
The words ‘ while acting in any fiduciary character,’ employed in the Act of 1867, will be construed in each State with reference to its own legislation, and the present contrariety of opinion will doubtless continue until a decision of the U. S. Supreme Court shall have definitively settled their interpretation. The legislation of this State has stamped the relation of the factor with his principal with the character of a fiduciary, and the consequences of that relation having been formally adjudicated in Banning v. Bleakley, we shall adhere to that ruling and apply it to the present case.
Upon the matters of fact tending to shew what relation existed between Tete and Desobry, we are satisfied that it Was fiduciary in its character as'to the sum of $22,000 for which the receipt of Feb. 3,1873 was given, and as to the sum of $1,000, balance of account on Feb. 18,1873. If the testimony, offered to shew a parol agreement, varying the written receipt, be admissible, .the most that can be said of it is that it is contradictory, and does not conclusively establish the change of the contract. If it be inadmissible, the receipt speaks for itself, and the accounts rendered Desobry by Tete from time to time are in conformity with the stipulation in the receipt that the money was “ to be invested for Desobry’s account.” In these accounts Desobry was credited with the revenues derived from the investment, as if they were collected from third parties.
But Tete did not hold the relation of fiduciary to Desobry as to the Dardenne note for $2000, nor as to the balance of account with Edward Desobry, both of which were acquired by Louis Desobry by transfer. The judgment of the lower court was error as to these two items. Therefore
It is ordered and adjudged that our former decree is set aside and annulled, and that the judgment of the lower court is reversed as to the two items of $2,000 and $1,065.48, and is affirmed for the sum of twenty-three thousand dollars with five per centum per annum interest from February 18,1873 and the costs of the lower court — the costs of this appeal to be paid by the plaintiff and appellee.