GEORGE R. COUNCILL v. JOHN HORTON.

*Bankruptcy.*

No debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer (here, as sheriff) or while acting in a fiduciary capacity, shall be discharged by proceedings in bankruptcy.

(*Simpson* v. *Simpson*, 80 N. C., 332; *Calvert* v. *Peebles, Ib.*, 324, cited and approved).

CIVIL ACTION commenced in a justice's court, and tried on appeal at Spring Term, 1882, of WATAUGA Superior Court, before *Avery, J.*

The facts agreed upon are as follows: The defendant was sheriff of Watauga county in 1872, and gave his official bond in the sum of $16,000, conditioned for paying county and school taxes, &c., in the several forms prescribed by law, and the plaintiff was one of his sureties thereto.

The defendant failed to perform the conditions, and an action was brought on the bond by the county commissioners against the defendant, together with the plaintiff and the other sureties, and judgment was rendered in favor of the commissioners at fall term, 1875, for $1,099.

The plaintiff paid upon this judgment the sum of $155, within one year before the 14th of May, 1881, when this action was brought.

The defendant was adjudicated a bankrupt and received his discharge after said judgment was rendered, and before this action was commenced.

The court gave judgment in favor of the plaintiff for $155, interest and costs, and the defendant appealed.

*Messrs. D. G. Fowle* and *J. F. Morphew,* for plaintiff.
No counsel for defendant.

ASHE, J. The action, in which judgment was obtained against. the defendant, as sheriff, and his sureties, was for a breach of his official bond in not paying over to the county the sum due for taxes, either not collected or collected and not paid over by him.

It is declared by section 33, of the bankrupt act, "that no debt created by the fraud or embezzlement of the bankrupt, or by his *defalcation as a public officer,* or while acting in a fiduciary character, shall be discharged under this act."

The debt upon which the judgment against the defendant and his sureties was rendered, was created by the defalcation of the defendant, as sheriff. The debt was then not discharged by the bankruptcy of the defendant. Debts created by the defalcation of a public officer, and those of a fiduciary character, are put by the act in the same class. The same principle that applies to the one will apply to the other; and it has been held by the supreme court of Kentucky that a discharge in bankruptcy does not relieve a guardian from his fiduciary obligations, as such, and if his surety discharges these and obtains a judgment therefor, he may levy upon the property of the bankrupt acquired after his discharge. *Carlin* v. *Carlin,* 8 Bush, 141; approved in *Simpson* v. *Simpson,* 80 N. C., 332, and *Calvert* v. *Peebles, Ib.,* 334.

No error.						Affirmed.