THE STATE ex rel. M. M. MOCK, Adm'r of L. L. HOWELL, v. J. V. HOWELL, Adm'r of G. F. HOWELL.

*Bankruptcy—Trustee—" Fiduciary Character"—Tenant by the Curtesy—Sureties.*

1. In determining what are "debts created while acting in any fiduciary character"—which are excepted from the effect of a discharge under the Federal Bankrupt Act—the liability is held to be one incurred *while acting in a fiduciary capacity theretofore created,* and not one where the relation arises from the act itself.

2. Where, upon a sale and partition of real estate, the share of a married woman was paid to her husband—he being a tenant by the curtesy—under a decree of the Court, upon his executing bond to pay the principal at his death, or whenever so required, into Court, or to such person as might be entitled thereto, and the fund was lost and the husband was adjudged a bankrupt: *Held* (1), that the sureties on the bond were discharged, (2) but the husband had contracted the debt as a trustee, and it was not released by his discharge.

This is a CIVIL ACTION, which was tried before *Clark, J.,* at Spring Term, 1888, of DAVIE Superior Court.

Upon a petition filed in the late Court of Equity of the county of Davie by the heirs-at-law of John Hendricks, of whom Lydia L., wife of Gideon F. Howell, and a daughter of the intestate was one, for the partition and sale of certain real estate descended from him, the sale was decreed and made, and the share accruing to her therefrom ascertained to be $1,773.65, to the interest on which the said Gideon F. was entitled as tenant by the curtesy for life. This sum was directed to be paid over to him, to the end that he apply the said interest to his own use, and enter into bond to secure the principal money, to be paid at his death or whenever so required by the Court, "into Court or to the assignee of said Howell and wife, under a proper conveyance by them upon the privy examination of said Lydia."

Such bond was accordingly executed by the said Gideon F., with approved sureties, in the same penal sum of $1,773.65, with condition of avoidance if, upon his death, " his executors, administrators or representatives shall pay over to the children of said Gideon F. the aforesaid sum of seventeen hundred seventy-three dollars and sixty-five cents, or whenever the Court of Equity shall require it to be paid into the Clerk and Master's office."

Lydia L. died during her husband's life-time, and the relator of the plaintiff was, on February 12th, 1887, duly appointed her administrator, and her husband died on November 23d, 1886, and the defendant, John B. Howell, took out letters of administration on his estate. The present action is to recover the principal money so paid over to the defendant's intestate, to which the defence is set up that the deceased, under proceeding in the Bankrupt Court, was adjudged a bankrupt, and on September 26th, 1870, obtained a discharge from his debts.

Upon the trial before the Court, and upon the development of these facts in evidence, the Court intimated its opinion that the discharge pleaded was a bar to the action, and the relator, in deference thereto, submitted to a judgment of nonsuit, and appealed.

*Mr. R. B. Glenn,* for the plaintiff.
*Mr. J. C. Buxton,* for the defendant.

SMITH, C. J. (after stating the case.) The plaintiff assigns as error in the intimated ruling that the discharge has no effect upon the demand, in that the debt was fiduciary, and further, was contingent and not provable against the bankrupt's estate. These are the only questions raised by the appeal and argued upon the hearing in this Court.

The exception to the general operation and effect upon debts and claims provable against the bankrupt's estate of the discharge when granted, is contained in this section:

"No debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or *while acting in any fiduciary character*, shall be discharged by. proceedings in bankruptcy, but the debt may be proved and the dividend thereon shall be a payment on account of such debt." Rev. Stat. of U. S., § 5117.

Was a fiduciary obligation incurred in placing this fund, the proceeds of the sale of realty and impressed with the quality of realty, in the hands of the deceased for preservation, and to be accounted for when called on to return the same at his death, or upon the order of the Court, he not being responsible for interest meanwhile? The interpretation of the words, "while acting in his fiduciary character," has given rise to many conflicting decisions, and especially when it was extended to the misuse of funds in the hands of brokers, factors, commercial and other agents, and the predominant rulings seem to be that such are not within the term. Such was the construction put upon very similar words used in the bankrupt act of 1841 by the Supreme Court in *Chapman* v. *Forsythe*, 2 Howard U. S., 202; *Coonan* v. *Cathey*, 104 Mass., 245; *Hayman* v. *Pond*, 7 Met., 328; *Armstill* v. *Crawford*, 7 Ala., 335.

The underlying and governing rule in determining the character of the debt is that the liability must be incurred by one "*while acting in a fiduciary*" capacity which has been before created, and not when the relation arises out of the act itself. The cases on the subject are collected and judiciously distributed by the author in his discussion of the clause in Blumensteil's Law and Practice in Bankruptcy, at page 540.

It is manifest, we think, that the decree which placed the money in possession of the intestate constituted him a trus-

tee and invested him with the duties and liabilities which attach to a fiduciary, for the safe keeping and ultimate return of the fund, for the benefit of such as would be entitled at his death, or into office if he should be sooner so required, his *status* is essentially the same in this respect as that of a guardian, receiver, representative, or other fiduciary entrusted with the property of another. The bond, with its sureties, is a recognition of the trust and a security for its discharge. The fund has itself disappeared, not kept specifically for the ultimate owners and the deceased trustee and his administrator failed to make it good. No recourse is made to the sureties on the bond who are discharged. *Simpson* v. *Simpson*, 80 N. C., 332; *Councill* v. *Horton*, 88 N. C., 222. But the action is against the principal upon the liability assumed in accepting the trust and receiving the money under it for which the bond is but an additional security or guaranty. This, then, being a debt or liability incurred by the intestate while acting in a fiduciary character, by a misuse of the trust fund, he remains responsible and the discharge is not operative against the recovery.

This renders it unnecessary to consider the other point, and we forbear to undertake to solve the problem which is presented.

There is error, and the judgment must be reversed to the end that the cause proceed in the Court below.

Error.