## Case No. 7,769.

### In re KIMBALL.

[6 Blatchf. 292; 2 Am. Law T. Rep. Bankr. 52; 2 N. B. R. 354 (Quarto. 114); 1 Chi. Leg. News. 163.] [1]

Circuit Court. S. D. New York. Jan. 14. 1869.[2]

BANKRUPTCY — ARREST UNDER STATE PROCESS — APPLICATION FOR DISCHARGE FROM ARREST — CHARGE OF FRAUD—FIDUCIARY DEBT.

1. Where flour was sent by A. to B., to be sold on commission, and the proceeds were to be

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission. 2 Am. Law T. Rep. Bankr. 52, contains only a partial report.]

2 [Affirming Case No. 7,768.]

remitted to A., less the commission of B., and the flour was sold but the proceeds were not remitted, and B. was adjudged a bankrupt by the district court, and afterwards was arrested in an action founded on the transaction, brought against him by A., in a state court: *Held*, that the debt was one created by the defalcation of B. while acting in a fiduciary character, within the meaning of section 33 of the bankruptcy act of March 2, 1867 (14 Stat. 533), and that B. was, therefore, liable to such arrest, notwithstanding the provision of section 26 of said act.

[Cited in Re Valk, Case No. 16,814. Disapproved in Grover & Baker S. M. Co. v. Clinton, Id. 5,845. Cited, but not followed, in Keime v. Graff, Id. 7,650; Re Smith, Id. 12,976; Zeperink v. Card, 11 Fed. 296; Hennequin v. Clews, 111 U. S. 676, 4 Sup. Ct. 578. Cited in Fulton v. Hammond, 11 Fed. 294.]

[Cited in Banning v. Bleakley, 27 La. Ann. 257; Desobry v. Tête, 31 La. Ann. 809; Hennequin v. Clews, 77 N. Y. 427; Ansonia Brass & Copper Co. v. New Lamp Chimney Co., 53 N. Y. 124; Scott v. Porter, 93 Pa. St. 39.]

2. The question whether, in such case, B. could be discharged from arrest by the bankruptcy court, depended upon the case presented on which the arrest was made.

This was a petition for a review of an order of the district court refusing to discharge the bankrupt [John H. Kimball] from arrest, and, also, refusing to discharge the bail given by him thereon. [Case No. 7,768.] He was adjudged a bankrupt on the 26th of May, 1868. The arrest was made on or about the 5th of June thereafter, in an action brought in a state court, and on an order of arrest founded on an affidavit setting forth that, on the 23d of December, 1867, the plaintiff forwarded 21,250 pounds of buckwheat flour to the bankrupt, to sell on commission, and remit the proceeds, less the commission. The flour was sold on or about the 20th of February, 1868, by the bankrupt, who received therefor $758$^{79}$/$_{100}$ over and above the commission, but failed to remit the proceeds, or any part thereof. They were subsequently demanded from him, but he refused to pay them, saying that he had no means of payment, and had applied the money to his own use. Soon afterwards he applied for the benefit of the bankruptcy act, and closed his commission business.

NELSON, Circuit Justice. The application for the discharge of the bankrupt from arrest is founded on the latter clause of the 26th section of the act, which provides, that "no bankrupt shall be liable to arrest during the pendency of the proceedings, in bankruptcy, in any civil action, unless the same is founded on some debt or claim from which his discharge in bankruptcy would not release him." The 33d section provides, that "no debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged under this act." The district court held that the debt in this case was created

by the defalcation of the debtor while acting in a fiduciary character, and would not be discharged in bankruptcy, and, hence, refused to discharge him from arrest. I am inclined to concur in this opinion. [Case No. 7,768.] I concur the more readily. as the decision of the question by the district court extends. in its operation and effect, only to the matter of arrest, and does not affect the question ultimately to be determined, whether the debt will or will not be discharged by a discharge in bankruptcy. The simple question here is, under the 26th section, whether the court will discharge the bankrupt from arrest during the pendency of the proceedings, and nothing more; and this must depend upon the case presented on which the arrest was made in the action in the state court. Looking at it as thus presented, it seems to me there is great difficulty in saying that the flour was not received and held by the bankrupt in a strictly fiduciary character. The article was placed in his possession simply to sell it, and to remit the proceeds over and above his commission. The money was not the bankrupt's when it was received on the sale, but was the money of the owner of the flour. It was a gross breach of trust to apply it to his own use. I have looked at the case of Chapman v. Forsyth. 2 How. [43 U. S.] 202, but do not regard it as controlling the one in hand. The provision in the present act is much broader than that in the act of 1841 [5 Stat. 440]. The order of the district court is affirmed.