MORRIS W. LEMCKE, Respondent, v. EDWARD B. BOOTH, Appellant.

*Bankrupt act of 1867 — Agent — Commission merchant acts in a fiduciary capacity, within meaning of section 33.*—Under section 33 of the bankrupt act of 1867 (U. S. Stat. at Large, 533), an indebted factor or commission merchant stands in a fiduciary relation to his principals, with respect to the proceeds of sales of commission goods in his charge, and debts incurred in such capacity are not discharged under that act.

*Appeal from St. Louis Circuit Court.*

This is a suit to recover from defendant an indebtedness which arose by a sale of liquorice of the plaintiff, consigned to defendant as a factor or commission merchant. Before all the proceeds

of sale had been paid over, the defendant failed, and now pleads his discharge in bankruptcy as a bar to the suit. The court, on demurrer, decided for plaintiff, and final judgment was entered.

*Lackland, Martin & Lackland,* for appellant.

If no conversion takes place before a sale in market, but he sells in the ordinary course of his business, there can be no conversion afterward. The identity is gone, and a common commingled fund substituted in the place thereof. Hence the fiduciary relation to the subject-matter is gone after sale. A factor, by virtue of his calling, has the right to sell his customers' goods in a common sale. He has the right to receive the proceeds after the nature of the sale, in one common fund. He has the right to deposit them in one common fund. These three rights are conferred upon him, and result from the necessity and convenience of his calling. No factor could do business in this city, or does do business, in any other way.

This commingling of the proceeds of the sales — rightfully commingling — results logically in the destruction of the property of his customers and the substitution of his own indebtedness in its place, just like the case of a banker. The right to commingle is the right to destroy the identity of the original property, by converting it into a fund in which one customer has no individual property more than another. Nothing can be left but the indebtedness of the factor. The right and property of the customer is lost, and he has nothing left but the indebtedness of his factor; he holds only a claim for a certain amount. Whenever the claim of the customer culminates in a simple indebtedness, the factor is a debtor like any other debtor — the fiduciary element is gone.

*Henderschott & Chandler,* for respondent.

Appellant contends that *eo instanti* with the happening of a sale the whole *status* of the parties is changed, and that not only does the principal part with his title to the property sold, but he acquires instead thereof no interest or title to the proceeds of the same, but merely a claim against his agent by way of debt for so much money as equals the net proceeds of sale, less commissions,

etc. The naked statement of the proposition carries with it its own refutation. This argument would destroy a trust as soon as a trustee had acquired possession of the trust fund, and before the trust had been executed, and turn the trustee into the beneficiary. Against such a doctrine authority and reason alike revolt. (See Hill on Trust. 41; 2 Kent's Com. 623; Merrill v. Bank of Norfolk, 19 Pick. 32; Walsh's Assignees v. Plumer, 3 M. & S. 562; Sto. Agency, 229–31; Thompson v. Perkins *et al.*, 3 Mason's C. C. 232; Samuel v. Judin, 6 East, 333; Dugans v. Edwards, 50 Barb. 296.) If the agent make use of the proceeds of the property in his own business, he can only do so by subjecting himself to the legal liabilities arising out of the misappropriation of another's property. (Shudder v. Shiells, 17 How. Pr. 420; Ostell v. Brugh, 24 How. Pr. 174; Frost v. McCarger, 14 How. Pr. 131; Holbrook v. Homer, 6 How. Pr. 86.) The case of Chapman v. Forsyth, 2 How., S. C., does not apply to the act of 1867. The present question, under the act of 1867, is not altogether new. It has been presented for adjudication to courts of the United States in the State of New York, and the decisions have been uniform that the factor was not discharged under the act. (*Ex parte* Seymour, 6 Int. Rev. Rec. 80, S. C.; 1 Binn. 348; *Ex parte* Kimball, 2 Bank Reg. 74; *id.* 114; 6 Blatchf. 292.)

CURRIER, Judge, delivered the opinion of the court.

The question is here presented whether a factor or commission merchant stands in a fiduciary relation to his principals in respect of the proceeds of sales of commission goods, within the meaning of section 33 of the bankrupt act of 1867 (U. S. Stat. at Large, 533). The section provides that "no debt created by the fraud or embezzlement of the bankrupt, or his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged under the act." The corresponding provision in the bankrupt act of 1841 excluded from its benefits "all persons owing debts created in consequence of a defalcation as a public officer, or as executor, administrator, guardian or trustee, or while acting in any other fiduciary capacity." The

"fiduciary capacity" here mentioned was held by the Supreme Court of the United States to refer to technical trusts of the character of those previously mentioned, and not to trusts raised by implication of law. It was therefore held that an indebted factor or commission merchant was not a fiduciary debtor within the meaning of the act of 1841. (Chapman v. Forsyth, 2 How. 202.)

But the above-recited provisions of the two acts (of 1841 and 1867) are quite dissimilar. Blatchford, J., in the matter of Seymour on *habeas corpus*, 6 Int. Rev. Rec. 60, distinguishes the two provisions, and comments upon Chapman v. Forsyth as follows: "The Supreme Court held that a discharge under the act of 1841 did not release the bankrupt from any such debts (as were mentioned in the clause of the act of 1841, above quoted), and that no debt fell within the description of a debt created by a defalcation while acting in any *other* fiduciary capacity, unless it was a debt created by a defalcation while acting in a capacity of the same class and character as the capacity of executor, administrator, guardian and trustee. The court held that the language of the act of 1841 was not broad enough to include every fiduciary capacity, but was limited to fiduciary capacities of a specified standard and character. That was clearly so under that act. But in the act of 1867 the language seems to have been intentionally made so broad as to extend to a debt created by a defalcation of the bankrupt while acting in *any* fiduciary capacity, and not to be limited to any special fiduciary capacity. Therefore, under the act of 1867," says the judge, "no debt created by the defalcation of a bankrupt while acting in any fiduciary capacity will be discharged." These views are approved by Nelson, J., in his decision *In re* Kimball, 6 Blatchf. 292.

A commission merchant acts in a fiduciary character, and the trust attaches to the goods consigned to him for sale on commission and to their proceeds when the goods are sold. (Chapman v. Forsyth, *supra;* Duguid v. Edwards, 50 Barb. 288.)

Concurring in the views of Judge Blatchford as above quoted, the judgment will be affirmed. The other judges concur.