A. J. BRUNSWIG *et al.*, Respondents, *v.* PHILIP C. TAYLOR *et al.*, Appellants.

June 6, 1876.

A commission merchant occupies a fiduciary relation to his principal, so that a discharge in bankruptcy will not, under section 33 of the United States bankruptcy act of 1867, release him from liability upon a debt so incurred.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*Farish & Griffin,* for appellants, cited: Cronan *v.* Cotting, 104 Mass. 245; Lemcke *v.* Booth, 47 Mo. 385; Chapman *v.* Forsyth, 2 How. 202.

*Slayback & Haeussler,* for respondents, cited: Stokes *v.* Mason, 10 R. I. 261; Bump. (7th ed.) 638; *In re* Patterson, 1 Bank Reg. 58; 2 Ben. 155; *In re* J. R. Pettes, 2 Bank Reg. 155; *In re* Seymour, 1 Bank Reg. 7; *In re* Kimbal, 6 Blatchf. 292; *In re* Robinson, 6 Blatchf. 253; Whittaker *v.* Chapman, 4 Am. Law Times, 92; Warner *v.* Crankhite, 2 C. L. J. 773; Lemcke *v.* Booth, 47 Mo. 385.

LEWIS, J., delivered the opinion of the court.

Defendants were commission merchants in the city of St. Louis. Plaintiffs, residing in Kansas, shipped to them, for sale on commission, in the ordinary course of trade, a lot of produce, which was received by defendants, and sold, early in June, 1873. Afterwards, on June 14th, defendants suspended payment, and, on the same day, transmitted their account of sales to plaintiffs. In July, 1873, defendants were adjudicated bankrupts, and, in December, 1874, obtained their discharge. Against this suit for the proceeds of sales defendants pleaded, in vain, their discharge in bankruptcy.

The question presented by the record is whether a commission merchant stands in a fiduciary relation to his principal, within the meaning of section 33 of the United States bankruptcy act of 1867, so that a discharge will not release

him from liability upon a debt incurred in that capacity. The weight of reasoning upon decisions rendered elsewhere, under the bankrupt acts of 1841 and 1867, may be conceded to the defendants. But, in Missouri, the question is no longer open. In *Lemcke* v. *Booth*, 47 Mo. 385, our Supreme Court, after reviewing and comparing some of the decisions referred to, concludes that " an indebted factor or commission merchant stands in a fiduciary relation to his principals, with respect to the proceeds of sales of commission goods in his charge, and debts incurred in that capacity are not discharged " under the act of 1867.

Defendants undertake to break the force of this decision, with the fact that defendants, in the present case, guaranteed the proceeds of their sales, and were bound to pay them over, whether collected or not. But we cannot see how that enables us to evade the ruling of the Supreme Court. The trust was the same, with or without the guaranty. Moreover, the principle involved in that argument was, in another form, pressed upon the attention of the court in the case referred to.

Upon the authority quoted we are constrained to affirm the judgment. Judge GANTT concurs ; Judge BAKEWELL, of counsel in the court below, not sitting.