Fulton, Clerk, etc., *v.* Hammond.*

*(Circuit Court, N. D. Alabama.* February, 1882.)

1. DISCHARGE IN BANKRUPTCY—REV. ST. § 5117.

"No debt created by the fraud or embezzlement of the bankrupt, * * * or while acting in any fiduciary character, shall be discharged by proceedings in bankruptcy." Rev. St. § 5117.

2. EMBEZZLEMENT.

The defendant having obtained the money belonging to plaintiff, and created the debt to him, while acting as agent for the plaintiff, and having appropriated and converted it to his own private use and purposes, cannot successfully plead his discharge in bankruptcy when sued for such a debt.

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

3. FIDUCIARY DEBT.

  The defendant, in thus receiving the money, received it in trust for the plaintiff, and in neglecting and refusing to pay it over he created a debt while acting in a fiduciary character, and such a debt is not discharged by the discharge in bankruptcy.

4. BANKRUPTCY ACTS OF 1841 AND 1867—TRUSTS.

  The two acts compared. Under the act of 1867 no difference is made between special and implied trusts.

On Demurrer to Replication.

*Walker & Shelby*, for demurrer.

*Hirmes & Gordon* and *Mr. Cabarris*, contra.

PARDEE, C. J. In 1867 Robert Farquharson, clerk and master of chancery court of Lincoln county, Tennessee, brought this suit against the defendant, alleging that the said defendant received from the plaintiff for collection on the twenty-third of August, 1859, a certain bond executed by Robert Johnson and others, on February 16, 1858, for the payment one day after date of $3,455.45 to the plaintiff, and that defendant executed to the plaintiff a receipt, of which the following is a copy:

  "Received of R. Farquharson, clerk and master of chancery court at Fayetteville, the following note, viz.:

  "'$3,455.44.                                                   JACKSON COUNTY, ALABAMA.

  "'One day after date we, or either of us, promise to pay Robert Farquharson, clerk and master at chancery court of Lincoln county, Tennessee, for the use of the heirs of Edmond Townsend, $3,455.44, for value received. Witness our hands and seals this fifteenth February, 1858.

  [Signed]                          "'ROBERT JOHNSON, [L. S.,] Principal.
                                                            her
                                   "'PARTHENIA   X   STEWART.   [L. S.]
                                                           mark
                                               her
                                   "'KIZIA   X   WOYE, [L. S.,] Security.
                                            mark
                                                     his
                                   "'MICHAEL   X   JOHNSON, [L. S.,] Security.
                                               mark
                                   "'E. G. TOWNSEND, [L. S.,] Security.
  "'Attest: ROBERT C. BRICKELL.'

  "I receive said note to collect without suit, if practicable; if not, I am to employ counsel and collect the same by suit, if necessary.
  "*August* 23, 1859.
  [Signed]                                                   "F. L. HAMMOND."

And plaintiff further alleges that the defendant, as the agent of the plaintiff, did afterwards, on the seventeenth of November, 1860, collect for the use of the plaintiff the sum of $4,217.16, the amount of said bond; and he alleges demand and refusal.

May 13, 1867, a general plea was filed. April 1, 1878, the defendant, by plea *puis darrein continuance*, set up a discharge in bankruptcy under the act of 1867. April 3, 1878, plaintiff demurred to this plea, which demurrer, it seems, was afterwards heard and overruled; on what ground does not appear. April 15, 1878, plaintiff replied to the plea of bankruptcy, setting out the facts fully, and alleging that the indebtedness of the defendant was created and owed by the defendant in a fiduciary capacity, and was not released by a discharge in bankruptcy under the act of 1867. To this replication defendant filed a demurrer April 16, 1878, and this last demurrer has been heard at the last October term, and raises the questions to be decided at this time. Pending the proceedings from 1867 to 1878, it seems that Farquharson, original plaintiff, has been succeeded in his office, and as plaintiff in this suit, by Alfred S. Fulton, clerk and master of the chancery court of Lincoln county, Tennessee. The case was very fully argued at the term, but I have retained the case, expecting further briefs to be filed.

Section 5117 of the Revised Statutes (being section 33 of the bankruptcy act of 1867) reads:

"No debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged by proceedings in bankruptcy," etc.

Now, the first question presented to me is whether the debt sued for in this case was created by the embezzlement of the defendant; and the second is, was the debt created by him while acting in any fiduciary character? Both of these questions I answer in the affirmative.

The defendant obtained the money belonging to the plaintiff, and created the debt to him, while acting as agent for the plaintiff, and the replication charges that the moneys of the plaintiff so collected the defendant appropriated and converted to his own private use and purposes.

"Embezzlement may be defined to be the appropriation to one's own use or benefit of property or moneys entrusted to him by another, such as the embezzlement by clerks, servants, and agents of their employer's money or property." 4 Bl. Comm. 230, 231. See, also, Archb. Crim. Pr. (Pom. Ed.) 1336; Alabama Code, § 4377.

The debt of defendant was created by him while acting in a fiduciary character. He became and was the agent of the plaintiff to collect the note of Johnson. While so employed, and by reason of such employment, he came in possession of the plaintiff's money.

He was the custodian merely of the money; it was not his money. He did not owe the plaintiff a similar sum of money; it was the plaintiff's money. The defendant, in receiving the money, received it in trust for the plaintiff, and in neglecting and refusing to pay it over he created a debt while acting in a fiduciary character. See *Heffren* v. *Jayne*, 39 Ind. 463; and see *White* v. *Platt*, 5 Denio, 269; indorsed in *Clark* v. *Iselin*, 21 Wall. 368.

Counsel supporting the demurrer relies on the case of *Chapman* v. *Forsyth*, 2 How. 202, where it was held that a debt due from a cotton factor to his principal was not a fiduciary debt within the meaning of the bankrupt act of 1841. And the argument of the court in that case is to the effect that the words "other fiduciary capacity," in the act of 1841, related to the same class of special trusts as were named in the act, such as the trusts of guardians, executors, administrators, etc., and did not extend to implied trusts.

The first thing to be noticed in regard to this case is that the wording of the act of 1867 is different from the act of 1841 in relation to the debts to be discharged under the respective acts. The act of 1841 released all debts which had not been "created in consequence of a defalcation as a public officer, or as executor, administrator, guardian, or trustee, or while acting in any other fiduciary capacity."

The act of 1867 released all debts which were not "created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character." There is so wide a difference in the language of the two acts that it would seem that the reasoning in *Chapman* v. *Forsyth* entirely fails when applied to the act of 1867. There is no chance under this act to make any difference between special and implied trusts. All trusts, special, express, or implied, must be included under the head of "any fiduciary character," or else no exception is made by the act of 1867 in regard to such trusts. I have examined the case of *Neal* v. *Clark*, 95 U. S. 704, where *Chapman* v. *Forsyth* is quoted approvingly, but I do not think that case is adverse to the view I take of this.

I have also examined the many other cases referred to in argument as deciding that debts due from cotton factors and commission merchants for goods of principal sold are not fiduciary debts under the act of 1867; and if this were a debt due by a cotton factor or commission merchant I should have some doubt, though I think I should follow Judge Blatchford and the several supreme courts of the states on the point, rather than the cases cited by the defendant. See *In Re Seymour*, 6 Int. Rev. Rec. 60; *In Re Kimball*, 6 Blatchf. 292;

*Lemcke* v. *Booth,* 47 Mo. 385; *Banning* v. *Bleakley,* 27 La. Ann. 257. But there is a wide distinction between the character or business of a cotton factor and an agent to collect money, and if the question of the character of indebtednes of a cotton factor to his principal for goods sold be doubtful, the character of an agent receiving money for his principal ought to be clear. In the one case financial standing and business capacity are the tests of employment; in the other, honesty and integrity are the tests. Default in the one implies bad judgment, misfortune, bad luck, but not dishonesty. Default in the other implies recreancy to trust, if not absolute dishonesty. In the one case a bankrupt law releases an unfortunate debtor and restores a business man to the commercial world; in the other, the bankrupt law would be made a cover and protection for the rogues who devour widows' houses.

In *Chapman* v. *Forsyth* the court says that "such a construction against commission merchants would have left but few debts upon which the law could operate;" and this was a reason for the judgment in that case. This language does not apply to the law of 1867, but if it did I should hesitate a long time before I let the defendant in this case escape in order to widen the operations of a bankrupt law.

Let a judgment be entered overruling the demurrer in this case, with costs.