BENJ. D. BROOKS *et al.*, Respondents, v. GEORGIANA YOCUM, Executrix of NELSON YOCUM, Appellant.

St. Louis Court of Appeals, December 9, 1890.

1. **Bankruptcy**: BANKRUPT'S DISCHARGE : INDEBTEDNESS OF COMMISSION MERCHANT TO HIS PRINCIPAL. A commission merchant occupies such a fiduciary relation to his principal, that a debt, due from him to his principal, for goods sold by him for the latter, is not released by his bankruptcy and discharge under the act of 1867.

2. ——— : ——— : ——— : EFFECT OF MERGER INTO JUDGMENT. Such indebtedness is not released, though put into judgment, the fiduciary character of it depending not upon its form but upon the manner of its origin. Nor is its exemption from the operation of the discharge affected by the fact that a draft given therefor was at one time transferred by the principal for value before maturity and subsequently taken up by him.

3. **Practice, Appellate**: CHANGE OF THEORY. A party cannot try his case on one theory in the trial court, and upon another on appeal.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*W. E. Fisse*, for appellant.

(1) There is no evidence that the particular draft on which the judgment in suit was based arose out of commission dealings. (2) The plaintiffs' demand is founded on a judgment. The previous obligation became merged in the judgment upon its rendition, and the judgment is within the operation of the discharge in bankruptcy, even if the earlier debt was not. *Wolcott v. Hodge*, 81 Mass. 547. (3) The record introduced by plaintiffs contradicts the claim that the judgment was

for a debt of a fiduciary nature. (4) To secure exemption from the operation of the statute a judgment creditor, asserting a claim after a discharge has been granted his debtor, must present a record in which evidence of the preferred nature of his demand is preserved. *Warner v. Cronkhite*, 13 Nat. Bank. Reg. 52. (5) The record shows that the draft given plaintiffs was negotiated by them. Even if the draft was given for a fiduciary debt, as claimed, plaintiffs lost their right to exemption from the operation of the discharge by this negotiation.

*James R. Kinealy* and *M. E. F. Pollock*, for respondents.

(1) Appellant is estopped from attacking the judgment below because she adopted respondents' theory of the case in instructions asked by her. *Bank v. Armstrong*, 92 Mo. 279; *McGonigle v. Daugherty*, 71 Mo. 266. (2) This was a fiduciary debt. *Brunswig v. Taylor*, 2 Mo. App. 351; *Lemcke v. Booth*, 47 Mo. 385; *Halliburton v. Carter*, 55 Mo. 435. (3) Any evidence that tended to show the origin of the debt was proper. R. S. of U. S. 1875, sec. 5117; *Simpson v. Simpson*, 80 N. C. 332; *Howland v. Carson*, 28 Ohio St. 642; *Township v. Dunkle*, 114 Ind. 262; *Sherwood v. Mitchell*, 4 Denio, 435; *McDonald v. Davis*, 105 N. Y. 508; *Stedman v. Patchin*, 34 Barb. 218; *Young v. Rummell*, 2 Hill, 478; *Wood v. Jackson*, 8 Wend. 1; *Bank v. Crandall*, 87 Mo. 208; *Bank v. Franciscus*, 15 Mo. 187; *Council v. Horton*, 88 N. C. 222.

ROMBAUER, P. J.—The plaintiffs recovered a judgment for $437.59 against Nelson Yocum, which was exhibited and allowed in the probate court as a demand against his estate. Upon a retrial of the cause in the circuit court, the claim was again allowed; and the defendant, appealing from such judgment, assigns for

errors that there is no evidence to support the judgment, and that the court erred in giving and refusing instructions.

The defense interposed in the circuit court was the discharge in bankruptcy of the decedent, Nelson Yocum, subsequent to the recovery of the judgment, which defense was sought to be avoided on the ground that the debt was of a fiduciary character, and, therefore, not discharged by the bankrupt certificate.

It is conceded that the discharge in bankruptcy furnishes a complete defense to the plaintiffs' action, unless they have shown that the debt was created by the decedent, while acting in a fiduciary character.   On this question the plaintiffs introduced evidence tending to show that they were manufacturers of lumber in Canton, Missouri, and the decedent was a commission lumberman in St. Louis, and that they consigned lumber to the decedent, for sale on their account, from time to time in 1877 and the early part of 1878 ; that the decedent also bought some lumber on his own account, although it did not appear that the plaintiffs ever sold him any ; that, on the second day of January, 1878, the decedent wrote to the plaintiffs as follows :

"St. Louis, Missouri, January 2, 1878.
"Canton Saw-mill Co., Canton, Mo.

"Gentlemen :—Your postal card, December 31, received.   I will accept the draft for one hundred dollars, but please do not draw for any more at present. The parties I contracted [ to sell ] the lumber you had shipped have refused to receive it, and it is now on my hands at a little dull sale.   Please hold up for a few days until I advise you.   I cannot send you your account or statement until the last few cars you have shipped are disposed of.   Hoping you will accept the situation as it is, I remain

"Very truly yours,
"N. Yocum."

The evidence of the plaintiffs also tended to prove that, thereupon, on the eighth day of February, 1878, the plaintiffs drew their bill of exchange on the decedent for the sum of $429.94, payable sixty days after date, which was accepted by him on February 13, 1878, and is the foundation of the judgment on which the present action is brought.

The plaintiffs also introduced a witness, who stated in substance that, in the early part of 1878, he called, with one of the plaintiffs, upon the decedent; that a conversation took place in his presence between this plaintiff and decedent, in which the former asked the latter why he permitted a draft (the amount of which witness did not remember) to go to protest; that the decedent replied that the lumber, against which the draft was drawn, had not yet been sold, to which plaintiff replied that it had been sold, naming the vendee, and the decedent did not deny the sale.

The defendant gave in evidence the schedule of the bankrupt's liabilities, showing an indebtedness of $429.94 to the Canton Saw-mill Company, of Canton, Missouri, on a note for merchandise, dated April 13, 1878, at sixty days. The amount being the amount of the acceptance sued upon, and the note bearing the date of the maturity of the acceptance, it was reasonably inferable that the acceptance and note related to the same indebtedness, and that the indebtedness was scheduled by the bankrupt. The petition in bankruptcy was filed August 26, 1878.

This being in substance all the evidence bearing on the character of the debt, we think the court did not err in refusing to instruct the jury that there was no evidence in the case that the draft offered in evidence, on which the judgment sued upon was founded, was given for the proceeds of any lumber, sold by Nelson Yocum for the account of the plaintiffs on commission and as a factor for the plaintiffs.

It is true there was no direct evidence of that fact. As Nelson Yocum is dead, and the plaintiffs are disqualified from testifying in their own behalf, it is highly probable that such direct evidence was not accessible to them. From the facts proven, however, that Nelson Yocum was a commission merchant transacting the plaintiffs' business; that he admitted in January, 1878, that he had several cars of lumber of the plaintiffs on hand to be by him sold on their account; that he then requested them to delay drawing on him for a few days; that, when they did draw on him on February 8, 1878, at sixty days he accepted the draft; that there was no evidence of any other draft being drawn on him on or about that date; that the draft was protested at maturity, and he thereafter admitted that the lumber had been sold by him; that he scheduled the exact indebtedness as a debt due plaintiffs, and that the defendant adduces no evidence whatever that, at any time, there were any other dealings between the plaintiffs and the defendant than those of principal and factor; from all these facts taken together the almost irresistible inference arises that the acceptance, which is the foundation of the judgment, was given for the proceeds of lumber, sold by the decedent as the factor of the plaintiffs.

It is the law of this state that a commission merchant occupies such a fiduciary relation to his principal, that a debt due by him to his principal for goods sold on account of the latter is not released by a discharge in bankruptcy under the act of 1867 ( *Lemcke v. Booth*, 47 Mo. 385; *Brunswig v. Taylor*, 2 Mo. App. 351); although the rule was different under the language used by the act of 1841.

The defendant, however, *now* urges on the authority of *Wolcott v. Hodge*, 15 Gray, 547, that, even if it were shown that the debt in its origin was fiduciary, yet it became merged in the judgment prior to the proceedings in bankruptcy, and hence was released by the

·discharge, all the more so since the judgment did not upon its face disclose the fiduciary character of the debt. It might be a sufficient answer to this to say that the case was not tried on any such theory in the court below, and that a party cannot try his case on one theory in the trial court, and upon another on appeal. *McGonigle v. Daugherty*, 71 Mo. 259 ; *Capital Bank v. Armstrong*, ·62 Mo. 59 ; s. c., 92 Mo. 279. But we think the argument is untenable on other grounds. The fiduciary character of a debt does not depend upon its form, but the manner of its orign. *Simpson v. Simpson*, 80 N. C. 332 ; *Howland v. Carson*, 28 Ohio St. 625 ; *McDonald v. Davis*, 105 N. Y. 508 ; *Bank of Missouri v. Franciscus*, 15 Mo. 303 ; *Bank of North America v. Crandall*, 87 Mo. 208.

It is further urged by the defendant that there was ·evidence tending to show that the draft, on which the judgment is based, was, before maturity, transferred by the payees to other parties, and that it was in the hands of such third parties when dishonored. The defendant asked an instruction to the effect, that, if ·such was the case, the plaintiffs could not recover, even if they subsequently took up the draft again. This instruction was refused, and its refusal is. assigned for error. The plaintiffs deny that there was such evidence, ·and probably they are correct in this. But it· is immaterial whether they are right or wrong, since the fact, if true, amounted to no defense.· The analogous case of *State to use v. Orahood*, 27 Mo. App. 496, which seems to have been overlooked by counsel, settles the law, as far as this court is concerned, adversely to the defend-·ant on this as well as the preceding point.

The judgment is affirmed. All the judges concur.