## GOODMAN et al., Appellants, v. HERMAN.

Division Two, February 24, 1903.

1. **Bankruptcy:** DISCHARGE: JUDGMENTS IN ACTIONS FOR FRAUD. It is judgments in actions for fraud, and not debts created by fraud, which are not discharged by a judgment in bankruptcy under the United States Bankruptcy Act of 1898.

2. ———: ———: ———: FORM OF ACTION. The action for fraud or obtaining property by false pretenses or representations, mentioned in the United States Bankruptcy Act of 1898, is the common-law form of action for fraud and deceit.

3. ———: ———: ———: HOW DETERMINED: ATTACHMENT. And the form of the action must be determined by the petition; hence, the affidavit for an attachment in aid of a suit forms no part of the petition and can not be looked to in determining the form of action.

4. ———: ———: ———: SUIT ON ACCOUNT. Where the judgment sought to be revived and which was discharged in bankruptcy, was based upon an account for merchandise previously sold to the discharged bankrupt, the discharge in the United States court bars such

Goodman v. Herman.

reviver. And in this case it is held that a recital in the judgment that plaintiffs' "cause of action" was "founded on a written instrument, to-wit, an account," conclusively shows that the action was not one "for fraud or obtaining property by false pretense." Such a judgment was discharged, therefore, by the judgment of discharge in bankruptcy.

5. ———: ———: ———: GOING BEHIND RECORD. Plaintiffs, in a suit to revive a judgment which has been discharged by a judgment in bankruptcy, can not go beyond the record and show that the debt upon which their judgment was based was created by fraud and false representation.

6. ———: ———: FIDUCIARY CAPACITY. A debt growing out of a plain sale and delivery of goods and wares in the ordinary course of business, although the seller may repose a trust in the punctuality and integrity of the buyer, is not a fraud created in the "fiduciary capacity" implied by those words in the Bankruptcy Act of tuality and integrity of the buyer, is not a fraud created in the "fiduciary relation existing previously to or independently of the particular transaction from which the debt arises.

Appeal from Greene Circuit Court.—*Hon. Jas. T. Neville*, Judge.

AFFIRMED.

*Heffernan & Heffernan* for appellants.

(1) Plaintiffs' debt against defendant, being created by fraud, as such was exempt from operation of the bankrupt law. 1 Story, Eq. Jur., sec. 187; Howland v. Carson, 28 Ohio St. 628; Johnson v. Warden, 4 Vt. 457; Coddington v. Bay, 20 Johns. 637; Matteson v. Kellogg, 15 Ill. 547. (2) The fraud mentioned in the bankrupt act involves, it is true, moral turpitude, but it need not amount to a crime. It is a fraud of the same character as would entitle the party defrauded to rescind a contract on account. Stewart v. Emerson, 52 N. H. 301; Homer v. Spelman, 78 Ill. 206; Morse v. Hutchins, 102 Mass. 439. (3) A record is conclusive of all the material facts litigated therein against the parties thereto. Thompson v. Roberts, 24 How. 223; Cocoran v. Canal Co., 4 Otto 740; In re Chiles, 22 Wall. 166. A commission merchant stands in a fiduciary

relation to his principals with respect to the proceeds of sales of commission goods in his charge, and debts incurred in said capacity are not discharged under that act. Lemake v. Booth, 47 Mo. 385; Brunswig v. Taylor, 2 Mo. App. 351. Such indebtedness is not released, though put into judgment, the fiduciary character of it depending not upon its form but upon the manner of its origin. Brooks v. Yocum, 42 Mo. App. 516. Bk. of Am. v. Crandall, 87 Mo. 208; Ames v. Moir, 138 U. S. 951. The case of Oliver v. Forsyth, 177 U. S. 723, is decisive, in which it is held that the judgment sued need not be based upon an action for fraud. Bump on Bankruptcy, 637-638. (4) Any evidence that tended to show the origin of the debt is proper. R. S. U. S. 1875, sec. 5117; Sampson v. Sampson, 80 N. C. 332; Howland v. Carson, 28 Oh. St. 642; Township v. Dunkle, 114 Ind. 262; Sherwood v. Mitchell, 4 Denio 435; McDonald v. Davis, 105 N. Y. 508; Stedman v. Patchin, 34 Barb. 218; Young v. Rummell, 2 Hill 478; Wood v. Jackson, 8 Wend. 1; Bank v. Crandall, 87 Mo. 208; Bank v. Franciscus, 15 Mo. 187; Council v. Horton, 88 N. C. 222. (5) In order to render a debt fraudulent when contracted under representations of the bankrupt, the intention to deceive is an essential element of the fraud. Broadway v. Bradford, 50 Ala. 270; Bump on Bankruptcy (9 Ed.), 728. A certificate of discharge in bankruptcy will not defeat the plaintiff's right of action for the defendant's false and fraudulent representations. Morse v. Hutchins, 102 Mass. 439. A discharge is no bar to an action for a debt created by fraud. Stokes v. Mason, 12 B. R. 498; s. c., 10 R. 1261.

*W. D. Tatlow* for respondent.

(1) The judgments were not rendered in actions for fraud or obtaining property by false pretenses or false representations. They were judgments on accounts for merchandise rendered in ordinary actions of assumpsit. The only charge of fraud is in the affidavits for attachment where one ground of attachment

stated is that the debt was fraudulently contracted; other grounds were stated also. (2) Whether an action is for fraud or obtaining property by false pretenses is determined by the petition; and the bankrupt act means to exempt from the effect of the discharge only judgments in actions where the issue of fraud or false representation was tendered by the petition. To ascertain whether there is such a judgment the court must look at the pleadings and the record. Appellants sought to prove by evidence *aliunde* that the defendant actually made false representations. But plaintiffs did not sue for damages sustained by false representations or fraud, but sued in assumpsit on an account for goods sold and delivered, and so the judgment recites, without saying anything about fraud or false pretenses. The fourth clause of section 17 of the bankrupt law refers exclusively to frauds committed by a party while acting as an officer or in a fiduciary capacity. There was no fiduciary relation between plaintiffs and defendant when the merchandise was purchased. Indeed, the false representation is claimed to have been made, not to plaintiffs in person, but to a commercial agency of which they were members.

FOX, J.—This cause was tried by the circuit court of Greene, county, Missouri, the result of which was a judgment for defendant; from which judgment plaintiffs in due time and form have prosecuted their appeal.

Statement.

This is an ordinary proceeding to revive a judgment heretofore rendered in favor of the plaintiff and against the defendant. The respondent as a defense thereto pleads a discharge in bankruptcy. The appellants by way of replication plead that defendant's discharge in bankruptcy is no bar to the revival of their judgment against the defendant; alleging that the judgment was for goods sold to the defendant, and obtained by defendant from the plaintiffs by false pretense and false representations.

The court treated respondent's discharge as a complete release of all his indebtedness of every character whatsoever, rendered judgment against the plaintiffs for costs, and discharging the respondent from the obligations of the judgment. From this judgment and after an unsuccessful motion for new trial the plaintiffs appealed to this court.

In order to fully understand the disputed questions in this case, it would be well to examine the pleadings and see precisely what is in issue.

The petition to revive the judgment, omitting formal parts, is as follows:

"Come the above-named plaintiffs, Harrington and Goodman, a firm composed of Samuel Goodman, William E. Goodman and Joseph Goodman, and represent to this honorable court that on the second day of February, 1891, plaintiffs recovered in this court a judgment against Daniel H. Herman, the above-named defendant, said judgment being founded upon the sale by plaintiffs of merchandise to the firm of Herman Bros., of which the above-named defendant, D. H. Herman, was a member, amounting at said time to seven thousand one hundred and twenty-nine dollars, and therefor the said plaintiffs recovered against said Daniel H. Herman a judgment for said amount, with interest thereon at the rate of six per cent per annum from said February 2, 1891, to this date, and for costs of said suit; which said judgment was duly entered upon the records of this court in judgment record 38 at page 259; that no part of said judgment has been paid, and the whole amount thereof is due and unpaid; that no part of the costs of said suit has ever been paid by said defendant; and that the lien of said judgment on the lands and tenements of said Daniel H. Herman has expired. Wherefore plaintiffs pray that said judgment thereof be revived against the said Daniel H. Herman and that the lien be revived against the lands and tenements of said Daniel H. Herman, and that a writ of scire facias issue to the said Daniel H. Herman, his tenants and the occupants of his lands, commanding him and them to appear before this

court at the next term thereof to show cause, if any he has, why this judgment in form as rendered aforesaid, and the lien thereof on the real estate of the said Daniel H. Herman be not revived, and for such other and further relief as may be proper.''

Defendant filed answer to this petition as follows:

''Comes now the defendant in the cause above entitled and for answer to plaintiffs' amended petition, denies each and every allegation in said petition contained, and so having answered prays to be discharged with its costs.

''And for another and further answer to petition of plaintiffs, defendant says that heretofore, to-wit, on the 22nd day of November, 1898, he filed a petition in the district court of the United States for the Southern Division of the Western District of Missouri to be adjudged a bankrupt. That thereafter in the course of said bankruptcy proceedings, the plaintiffs in this case, as well as the other creditors of this defendant, proved up their judgments before the said court and the referee in bankruptcy, George S. Rathbun, against the defendant and against his estate. That afterwards in due course in said proceedings, the petition of this defendant to be adjudged a bankrupt and discharged as such, came on to be heard before the judge of said court, and on such hearing, the plaintiff in this case, as well as certain other creditors of the defendant, filed objections to the defendant being adjudged a bankrupt and discharged as such. That said objections were heard in due course in said United States District Court and were on the 10th day of April, 1899, by said court overruled, and thereupon, on the said day this defendant was adjudged a bankrupt and judgment was entered, finally discharging him as such bankrupt. That by the force and effect of said judgment, the defendant was discharged and relieved from further liability on the account of the alleged indebtedness of the plaintiffs against him, and is no longer responsible therefor.

''Wherefore having so fully answered defendant prays to be discharged with costs.''

The replication of plaintiff was in the nature of a confession and avoidance of the new matter alleged as a defense to the action. It is admitted that the defendant was discharged as alleged, in the bankrupt proceedings from all debts against his estate, under said bankrupt act, but plaintiffs aver that the debt evidenced by the judgment sought to be revived, is excepted by law from such discharge, for the reason it is alleged that the merchandise purchased by the defendant, for which plaintiffs recovered judgment against the defendant, was by the defendant D. H. Herman obtained and procured from the plaintiffs by false pretenses and false representations. The replication of plaintiffs fully sets forth the manner of obtaining the merchandise and avers in detail in what the fraud in securing the goods consisted. In the original suit, in which the judgment was recovered for merchandise sold defendant by plaintiffs, a writ of attachment was issued in aid of the suit. One of the grounds in the affidavit which was filed in procuring the attachment was, "that the debt sued for was fraudulently contracted for on the part of the defendant." A plea in abatement was filed by defendant, which put in issue the grounds alleged in the affidavit for attachment. This plea was withdrawn and the attachment was sustained.

**Opinion.**

It will be observed that in this controversy there is but one issue, and that is sharply presented by the pleadings in this cause.

Plaintiffs offered in evidence the judgment obtained against the defendant, which is sought to be revived; also the affidavit in attachment and the judgment in case of McNally v. Herman, record number 38, page 265; also the affidavit in attachment and judgment in case of Lippincott, Johnson & Co. against Herman, to all of which testimony defendant objected as irrelevant, incompetent and immaterial. This evidence was admitted subject to objection.

This was the prima facie showing as made by plaintiffs.

"Defendant offered in evidence certified copy of discharge of D. H. Herman from bankruptcy, together with the objections and exceptions thereto, to which plaintiffs objected because said discharge is not a discharge in a case of the character that is sought to be revived; because the United States court failed and refused to consider the objections made by Harrington & Goodman, stating at the time that it was not a proper defense to his discharge, and that if the facts were true as stated, it would have to be brought up in a different way. Objections overruled, to which plaintiffs then and there duly excepted at the time."

Which entry of discharge of bankruptcy, omitting formal parts, is as follows:

"Whereas, Daniel H. Herman of Springfield, in Greene county and State of Missouri, in said district, has been duly adjudged a bankrupt under the acts of Congress relating to bankruptcy, and appears to have conformed to all the requirements of law in that behalf, it is therefore ordered by this court that said Daniel H. Herman be discharged from all debts and claims which are made provable by said acts against his estate, and which existed on the 22nd day of November, A. D. 1898, on which date the petition for adjudication was filed by him; excepting such debts as are by law excepted from the operation of a discharge in bankruptcy.

"Witness the Honorable John H. Rogers," etc.

This was all the evidence offered by the defendant.

Plaintiffs in rebuttal offered a volume of testimony, tending to show that the defendant procured the credit for the merchandise, for which they obtained judgment, by false and fraudulent representations. It is unnecessary to burden this opinion with the details of the testimony, for it is apparent from the record in this cause, that in the view of the law adopted by the trial court, this testimony was excluded or at least was not considered. The only issue in this cause was very aptly and appropriately presented by the declaration of law prayed for by the plaintiffs as follows:

''The plaintiffs' judgment against the defendant should be revived notwithstanding defendant's discharge in bankruptcy. Because the merchandise sold and delivered by plaintiffs to the defendant (for which said judgment was rendered) was secured from plaintiffs by false and fraudulent representations for the purpose of 'obtaining property by false pretense and false representations.' ''

Which declaration of law the court refused to give, to the refusal of which the plaintiffs excepted at the time. The defendant upon his behalf asked no declaration of law.

Plaintiffs' contention is that the trial court upon this state of the record should have entered judgment. for plaintiffs, reviving the judgment upon which this action is predicated. It will be observed that the discharge in bankruptcy pleaded as a defense to this action, was procured under the provisions of the bankrupt law of 1898. In order to reach a proper conclusion in this cause, it is necessary to carefully examine the provisions of that act. Section 17, page 550, United States Statutes, 1897-1899, provides:

"Sec. 17. *Debts not Affected by a Discharge.* A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as (1) are due as a tax levied by the United States, the State, county, district, or municipality in which he resides; (2) are judgments in actions for frauds, or obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another; (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy; or (4) were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity.''

Plaintiffs' contention is that the evidence offered by them in this cause placed the judgment sought to be reviewed within the exceptions as mentioned, in sub-

divisions two and four of section 17, supra.   Under subdivision two "judgments in actions for fraud or obtaining property by false pretenses or false representations" are not released by a discharge in bankruptcy; and subdivision four, it will be observed, provides that debts "created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer *or in any fiduciary capacity,*" are not released.   The judgment sought to be revived in this cause was based upon an account for merchandise sold the defendant by plaintiffs.   The recitation in the judgment shows beyond question that fact; it recites, "and their cause of action being founded upon a written instrument, to-wit, an account," hence, it can not be contended that this was an action for fraud or obtaining property by false pretenses or false representations.   It is, however, insisted by plaintiffs that they have the right to go beyond the record in this cause and show that the creation of the debt upon which the judgment is based, was by fraud and false representation.   This we do not think plaintiffs have the right to do, under the provisions of the bankrupt law, in force at the time of the entry of the discharge of the defendant in the bankruptcy proceedings. The provisions of the Bankrupt Act of 1898 are materially different from the Act of 1867; the last-mentioned act provides "that no debt created by the fraud of the creditor shall be affected by the discharge."   The terms used under the former act (being the Act of 1898), is that "no judgment in an action for fraud", shall be affected.   In the one there is no importance placed upon the form of the action; in the other it expressly provides that the action upon which the judgment is predicated shall be one for the fraud perpetrated in the transaction.   This distinction is very aptly drawn in the case of Argall v. Jacobs, 87 N. Y. 110, where the court in discussing the Act of 1867, says: "It is not provided that no cause of action for fraud shall be discharged, but that 'no debt created by fraud' shall be discharged."

Vol 172 mo—23.

In this case we will say that the provisions of the statute do not apply to debts "created by fraud," but substantially contain the provision, which the court says in the case of Argall v. Jacobs, supra, the statute of 1867 did not contain. In that case the suit was upon two promissory notes (not upon a judgment, as in this case). The defense was a discharge in a bankrupt proceeding. Plaintiffs, in that case, in their reply alleged that the debt as evidenced by the notes was "created by fraud." The court very properly held that the fraud in the creation of the debt might be shown to the end that the discharge in bankruptcy might be inoperative, so far as this particular debt was concerned. The case of Bank of North America v. Crandall, 87 Mo. 208, is nearly identical with the New York case, above mentioned. This case was upon promissory notes and the defense was a discharge in bankruptcy, both of which were tried under the provisions of the Act of 1867. These cases were entirely different to the case at bar—the discharge was under a statute materially different and the actions were upon the original debt. Even under the strong provisions of the Act of 1867, we are of the opinion that the plaintiffs are not entitled to go behind the judgment and the pleadings to show that the debt upon which the judgment was based was fraudulently incurred. In the case of Shuman v. Strauss, 52 N. Y. 404, while the court fails to positively assert in its opinion that this can not be done, for the reason that the question was not legitimately before it, yet it does say that the contention of plaintiff that he could go behind the judgment and record and show that the debt was "created by fraud," is not supported by the authorities cited and that the cases cited by plaintiff fall far short of the claim of the plaintiff. The court proceeded in that case to examine the decisions cited and demonstrated that the judgments and record supplied the proof that the debts, upon which the judgments were based, was created by fraud. Our attention is earnestly directed to the case of Forsyth v. Vehmeyer, 177 U. S. 177. An examination of that case will demonstrate that the judgment and record proved

beyond question that the debt upon which the judgment was based, was created by fraud. It will further be observed that the discharge in bankruptcy in that case was in pursuance of the Bankrupt Act of 1867. It will not be contended that if the action is based upon fraud, the fraud is merged in the judgment, but it must appear from the record and judgment that the action was based upon a fraudulent transaction. See case of Forsyth v. Vehmeyer (Ill.), 52 N. E. 55, where this question is fully discussed.

In the case of Stern v. Meyer (N. Y. Common Pleas), 9 Miscel. Rep. 102, the conclusions reached in case of Shuman v. Strauss, supra, are fully approved. And in Palmer v. Preston, 45 Vt. 154, the doctrine is clearly announced that "the recovery of a judgment upon a contract induced by fraud, is a waiver of the fraud, and the judgment is not a debt created by fraud, within the meaning of the bankrupt act, and the plea of discharge in bankruptcy, is a good defense to an action of debt founded upon said judgment."

So far as this contention is concerned, the action of the trial court in the case at bar, does not need the support of the doctrine heretofore announced; its action is fully supported by the very terms of the statute that no "judgment in an action for fraud or obtaining property by false pretenses or false representations" shall be affected.

The judgment sought to be reviewed was based upon an ordinary suit on account for goods sold and delivered. The action for fraud or obtaining property by false pretenses or representations as mentioned in the Bankrupt Act of 1898, must be construed as contemplating the common-law form of action for fraud and deceit. The form of the action must be determined by the petition, hence, the affidavit for an attachment in aid of the suit forms no part of the petition and can not be looked to in determining the form of action. The provision of the Bankrupt Act of 1898 must be construed to mean what it says—that it is judgments in actions for fraud and not debts created by fraud, as in the Act of

1867, which are not to be affected by the discharge in bankruptcy. The conclusions as herein expressed upon this contention, having been reached by this court, the error urged by the appellants in this respect must be ruled against them.

This leaves us to the last contention based upon subdivision four of the Bankrupt Act of 1898, which provides "that no fraud, embezzlement, misappropriation or defalcation while acting as an officer or *in any fiduciary capacity shall be discharged.*"

Was there any fiduciary relation existing between plaintiffs and defendant at the time of the sale of the goods, upon which their judgment sought to be reviewed is based? We think not. Our attention is called to the case of Lemcke v. Booth, 47 Mo. 385, and Brooks v. Yokum, 42 Mo. App. 516. If those cases are cited in support of the theory first treated of in this opinion, "that the plaintiffs had the right to go behind the judgment and show that the debt upon which the judgment was founded was created by fraud," they are not applicable because that question was not involved. Those cases were suits upon the original debts and not upon judgments, as the case at bar. We have no doubt as to the correctness of the doctrine under the Act of 1867, that in a suit upon an account or note, or any other evidence of debt, where the defendant would plead a discharge in bankruptcy, the plaintiffs in such suit upon the debt would be entitled to show it was created by fraud; but that is not this case.

If the cases are cited in support of the contention that a fiduciary relation existed between the plaintiffs and defendant at the time the merchandise was sold to defendant, then we say that the facts as to the relationship in those cases and the facts in the one before us, are not at all similar. In the Booth and Yokum cases, the defendants were commission merchants and consignments of goods were made to them, to sell; in this case, it was a plain sale and delivery of goods and wares in the ordinary course of business. As has been very appropriately said, "In almost all of the commercial

transactions of the country, confidence is reposed in the punctuality and integrity of the debtor and a violation of these is in a commercial sense, a disregard of the trust." But it is apparent that this is not the "fiduciary capacity" spoken of in the bankrupt act. This contention is settled adversely to the plaintiffs in the very able and exhaustive review of all the authorities in the case of Bracken v. Milner, 5 American Bankruptcy Rep. 23. In that case, PHILLIPS, J., very clearly demonstrated how the conflict in the different cases originated in respect to the application of the terms "fiduciary capacity." Under the Bankrupt Act of 1841, the provision in respect to the subject now under discussion was that "debts created in consequence of defalcation as a public officer, or as executor, administrator, guardian, or trustee, or while acting in any other fiduciary capacity," would not be affected by the discharge in bankruptcy. And this provision was the subject of controversy in the case of Chapman v. Forsyth, 2 How. 202. It was held in that case that a factor who had defaulted in accounting for a balance due his principal, was not acting in a fiduciary capacity. Subsequently, this statute was amended by the Act of 1867, in which the enumerations of classes were omitted; that is to say, executors, administrators, etc. Judge PARDEE, in case of Fulton v. Hammond, 11 Fed. 291, drew the distinction between the statutes of 1841 and 1867, and by reason of this change in the statutes, held there was an intention to enlarge the comprehension of the terms "fiduciary capacity" and that the Chapman case was no longer to be followed in that respect. But in the cases of Neal v. Clark, 95 U. S. 704, and Hennequin v. Clews, 111. U. S. 676, the cases making the distinction between the Acts of 1841 and 1867 are discussed and the conclusion finally reached that the Chapman case was the law even under the statute of 1867. Without passing on the soundness of the doctrine, it might not be amiss here to say that the rule announced in the Missouri cases, heretofore mentioned, was laid down by reason of the distinction drawn by the cases holding

that the Chapman case was not applicable to the Bankrupt Act of 1867.   This doctrine was departed from in the cases of Neal v. Clark, and Hennequin v. Clews, supra.   The reason of the rule in the cases of Lemcke v. Booth, 47 Mo. 385, and Brooks v. Yokum, 42 Mo. App. 516, under the Act of 1867, having been abandoned, the rule itself would fall.

After a full discussion by the learned judge in the case of Bracken v. Milner, supra, this very appropriate and intelligent application of the terms "fiduciary capacity" was reached, that "the phrase implies a fiduciary relation existing previously to or independently of the particular transaction from which the debt arises."

In the case before us for determination, it might be claimed that the plaintiffs, as has heretofore been said, in a commercial sense, reposed a trust in the punctuality and integrity of the defendant, at the time they sold him the goods, yet we are unable to reach the conclusion that such a trust in a simple, plain sale and delivery of merchandise created a "fiduciary relation," such as is contemplated by the Bankrupt Act of 1898.

Finding no error in the action of the trial court, the judgment will be affirmed.   All concur.