## H. E. STRAUCH v. MICHAEL S. FLYNN.[1]

July 2, 1909.

Nos. 16,114—(144).

**Action on Note—Departure.**

An allegation in a reply of a cause of action in deceit for fraudulently inducing plaintiff to lend defendant money on a promissory note is inconsistent with a complaint to recover a money judgment on that note.

**Pleading Discharge in Bankruptcy.**

The fact that the answer set up a discharge of defendant in bankruptcy after the execution of the note and before the commencement of the suit does not render such a reply proper.

Action in the district court for Ramsey county to recover $70 upon a promissory note. The answer set up an alteration in the note sued on, usury and defendant's discharge in bankruptcy. Paragraph numbered 2 of the reply alleged false representations on the part of defendant in obtaining the loan evidenced by the note sued on. From an order, Finehout, J., granting defendant's motion to strike out and striking out from the amended reply that portion thereof contained in paragraph numbered 2, plaintiff appealed. Affirmed.

*John C. Mangan,* for appellant.

*D. E. Dwyer,* for respondent.

JAGGARD, J.

The complaint of plaintiff and appellant set forth the terms of a promissory note executed to plaintiff by defendant and respondent,

[1] Reported in 122 N. W. 320.

its nonpayment, and prayed a money judgment in the amount of the note, with interest. Defendant's answer alleged his discharge in bankruptcy after the execution of this note and before this action was begun. Plaintiff's reply stated that the note sued on was a liability for obtaining property by false pretenses and representations, that defendant wholly failed to schedule the note sued on, and that therefore it was excepted by section 17 of the bankruptcy act (Act July 1, 1898, c. 541, 30 St. 550 [U. S. Comp. St. 1901, p. 3428]) from the effect of the discharge. The court, on defendant's motion, struck out the allegations in the reply as to fraud. Plaintiff appealed.

It will here be assumed that plaintiff's reply was correct as to form. Bankr. Act March 2, 1867, c. 176, § 33, 14 St. 533 (R. S. U. S. § 5117) excepted from the discharge by the decree in bankruptcy a "debt created by the fraud." See Crawford v. Burke, 195 U. S. 176, 189, 25 Sup. Ct. 9, 49 L. Ed. 147. The act of 1898 excepted "judgments in actions for frauds." Loveland, Bankr. (3d Ed.) 838; Goodman v. Herman, 172 Mo. 344, 72 S. W. 546, 60 L. R. A. 885; Barnes Cycle Co. v. Haines, 69 N. J. Eq. 651, 61 Atl. 515; In re Rhutassel (D. C.) 96 Fed. 597, 599; Morse v. Kaufman, 100 Va. 218, 40 S. E. 916. The amendment of 1903 (Act Feb. 5, 1903, c. 487, § 5, 32 St. 798 [U. S. Comp. St. Sup. 1907, p. 1026]) to that act, being section 17, excepted all "liabilities for obtaining property by false pretenses or false representations." That section applies to the facts in this case.

If plaintiff had sued on the fraud—that is, to recover damages for deceit—a plea of discharge by the decree in bankruptcy would not have availed defendant. He saw fit, however, in the complaint which he actually served, to waive the fraud and to sue on the contract as valid and existing. If no answer had been interposed thereto, and judgment had been duly entered, that judgment would have barred another action by plaintiff against defendant for damages in deceit. The new matter in the reply was obviously inconsistent with the theory plaintiff adopted in his complaint. It asserted fraud in obtaining the contract. It was inherently repugnant to the complaint. The trial court, therefore, properly struck it out. Common-law principles of pleading necessitated its order. The statutes

of this state incorporate the common law. Section 4134, R. L. 1905, provides in part: "If the answer contain new matter not demurred to, the plaintiff shall reply thereto, denying the averments controverted by him, or averring that he has not knowledge or information thereof sufficient to form a belief, or alleging any new matter, not inconsistent with the complaint, constituting a defense thereto." That the case arose out of the bankruptcy act does not change the rules of pleading. Plaintiff was bound by his allegations in his complaint on the contract.

The authorities to which plaintiff has referred us justify no change in this reasoning or conclusion. A number of them involved different proceedings. Thus in Goodman v. Herman, 172 Mo. 344, 72 S. W. 546, 60 L. R. A. 885, the proceeding was to revive a judgment.

So in Johnson v. Joslyn, 45 Wash. 310, 88 Pac. 324, it was held that a judgment on a note alleged to have been obtained by fraud was a debt proceeding under the bankruptcy act. So in Lee v. Tarplin, 194 Mass. 47, 79 N. E. 786 it was said: "The original liability * * * [on a judgment] was for obtaining property by false representations." In a number of other cases the action itself was in deceit. Thus in Rowell v. Ricker, 79 Vt. 552, 66 Atl. 569, the declaration presented a case containing all the elements of fraud. And see Katzenstein v. Reid, 41 Tex. Civ. App. 106, 91 S. W. 369. In Schroeder v. Frey, 60 Hun, 58, 14 N. Y. Sup. 71, the action was to recover goods furnished which were alleged to have been obtained by fraud. In Mackel v. Rochester, 14 Am. Bankr. Rep. 429, 135 Fed. 904, the action was brought by a trustee and was based upon alleged fraud. 2 Remington, Bankr., p. 1618, § 2750, cites on this point the case last named only and is not inconsistent with the conclusion here reached. In Nelson v. Petterson, 131 Ill. App. 443, 448, the action was in the form of assumpsit, but was construed to have been on the original tort for the alleged swindling of plaintiff by defendant. In Re New York Tunnel Co., 20 Am. Bankr. Rep. 25, 159 Fed. 688, 86 C. C. A. 556, the complaint sought to recover damages because of death by wrongful act. In Brown v. United Button Co., 149 Fed. 48, 79 C. C. A. 70, 8 L. R. A. (N. S.) 961, the claim litigated was for unliquidated damages in connection with a contractual relationship.

Of the cases most nearly sustaining plaintiff's claim, Argall v. Jacobs, 87 N. Y. 110, 41 Am. 357, involved a declaration setting forth two promissory notes, and an answer alleging a discharge in bankruptcy. No reply was necessary under the statute. No application was made in accordance with the legislative provisions on that subject. The difference in statutory requirement differentiates this case. In Bank v. Crandall, 87 Mo. 208, there were complaint, answer, and reply similar to the ones at bar. The question of pleading here argued does not appear to have been there considered or determined. In Blackman v. McAdams, 131 Mo. App. 408, 111 S. W. 599, the complaint was on a promissory note; the answer, a discharge in bankruptcy; the reply, that the note was a liability arising out of defendant's fraud. The court held that the note was not obtained by false pretenses or representations. The other authorities to which we are referred do not appear relevant. It follows that the order of the trial court must be and hereby is, affirmed.

Affirmed.