\* W. H. SIMPSON, Adm'r, v. ROBERT SIMPSON and others.

### *Bankruptcy—Guardian—Surety.*

A discharge in bankruptcy does not operate to discharge a guardian debt of the bankrupt; otherwise as to the sureties upon his guardian bond. The fact that such debt is evidenced by a judgment does not divest it of its fiduciary character.

(*McMinn* v. *Allen*, 67 N. C., 131; *Dawson* v. *Hartsfield*, 79 N. C., 334, cited and approved.)

APPLICATION by defendant for an Injunction heard at Fall Term, 1878, of UNION Superior Court, before *Schenck, J.*

The facts appear in the opinion. The injunction was refused and the defendant appealed.

*Messrs. Wilson & Son*, for plaintiff.
*Messrs. C. Dowd* and *Shipp & Bailey*, for defendant.

SMITH, C. J. The plaintiff, W. H. Simpson, administrator of Peter Simpson, an infant of whom defendant, Robert Simpson, had been appointed guardian, at fall term, 1870, of Union superior court in an action on the guardian bond recovered judgment against him and his sureties as damages for the

---

\* Ashe, J., having been of counsel in the original suit did not sit on the hearing of this case.

breaches thereof the sum of three hundred and ninety-five dollars and thirty-five cents and the costs of the suit. Successive executions have issued, and on one of them, by a sale of land a part of the money due has been made and applied. Other executions have since issued for the residue of the judgment, but nothing made on them.

On the 16th of June, 1873, Robert Simpson filed his petition in bankruptcy, and on the 23rd of December following obtained his discharge. The plaintiff proved his judgment · in the bankrupt court as a fiduciary debt against the bankrupt's estate.

The defendant, the former guardian and principal in the bond, n )w applies for an order recalling the execution in the sheriff's hands and for a perpetual stay of further proceedings to enforce the judgment on the ground that he is discharged therefrom by the decree of the bankrupt court.

Waiving the preliminary question of the defendant's right after such long and unexplained delay, to set up the defence and avail himself of its benefits, we will consider the point intended to be presented in the appeal for our decision. The point is as to the effect of the discharge upon the judgment, and we are of opinion it is not discharged.

Section 33 of the bankrupt act provides, "that no debt created by the fraud, embezzlement, of the bankrupt or by his defalcation as a public officer, or *while acting in any fiduciary character*, shall be discharged; but the debt may be proved and the dividend thereon shall be a payment on *account of said debt.*"

That the judgment recovered for the mismanagement and waste of the infant's estate is a debt incurred or created by the defendant " while acting in a fiduciary character," and consequently not affected by the discharge, is too plain to admit of debate. But the sureties to the bond who are· but guarantors of the fidelity of their principal are discharged

from their liability. *Jones* v. *Knox*, 46 Ala., 43; *McMinn* v. *Allen*, 67 N. C., 131.

In *Catlin* v. *Catlin*, Bush. (Ky.), 141, it is held that not only is the guardian not relieved by his discharge from his fiduciary obligations to his ward, but he remains liable also to the surety to his bond who has been compelled to pay money for him and sues for reimbursement. Nor does the merger of the liability upon the bond in the judgment change the nature of the debt and divest it of its fiduciary character.

The judgment exclusively ascertains and fixes the amount of the defalcation, but it still remains a debt created while the defendant was acting in a fiduciary capacity, and under the act exempt from the operation of the discharge. *Dawson* v. *Hartsfield*, 79 N. C., 334. The fiduciary character of the debt does not depend upon its form, but the manner of its origin and the acts by which it is incurred.

There is no error in the ruling of the court and the judgment is affirmed.

No error. Affirmed.