Madison Township v. Dunkle.

No. 12,499.

## MADISON TOWNSHIP v. DUNKLE.

TOWNSHIP TRUSTEE.—*Conversion of Public Funds.*—*Discharge in Bankruptcy.*
—A debt due to a township for money wrongfully appropriated by the township trustee, is not barred by a discharge of the latter in bankruptcy, and a dividend received from his estate is to be treated as a payment.

SAME.—*Promissory Note.*—*Fiduciary Character of Debt.*—The fact that the successor of a defaulting trustee takes the latter's note for the amount due from him, does not change the character of the debt, so as to relieve it of its fiduciary character and bring it within the effect of a discharge in bankruptcy.

SAME.—*Trustee Has no Authority to Take Note of Predecessor.*—A township trustee has no authority to accept the note of his predecessor in payment of the sum due from him to the township, but the outgoing trustee is required to pay his obligation in money.

SAME.—*Character of Debt.*—*Courts Will Look Behind Note.*—Courts will look behind a note, a mortgage, or even a judgment, to ascertain the nature of the debt, and if it is one which a discharge does not bar, it will be so adjudged.

From the Montgomery Circuit Court.

*E. C. Snyder, P. S. Kennedy, S. C. Kennedy* and *R. J. Greene,* for appellant.

*G. W. Paul, J. E. Humphries* and *T. S. Rollins,* for appellee.

ELLIOTT, J.—The material allegations of the appellant's complaint are these: That in 1874 the defendant was elected trustee of Madison township, and qualified according to law; that he resigned the office in September, 1877, and James S. McMurray was appointed his successor; that after McMurray had qualified, he and Dunkle settled the accounts between Dunkle and the township, and ascertained that Dunkle was indebted to it in the sum of $2,056.71, and that he then executed to McMurray, as trustee, his note for that sum; that the note was executed " as evidence of the indebtedness and for the purpose of allowing McMurray as trustee to file the

claim in the court of bankruptcy, Dunkle having applied for the benefit of the bankrupt law ;" that the note was filed as a claim in bankruptcy, and the sum of $56.45 was received from Dunkle's estate, and that no other amount was ever received on the debt; that—we quote the language of the pleading—" James S. McMurray filed the note in the United States District Court at Indianapolis, sitting as a court of bankruptcy, alleging in his written proof of the claim that the note was executed as evidence of a debt due from Dunkle to the township, the same being for a balance in his hands as a former trustee of the township, which he had appropriated to his own use and failed to pay to his successor."

A copy of the note is set forth in the complaint. The sixth paragraph of the answer avers that the appellee was adjudged a bankrupt on the 17th day of October, 1877 ; that the appellant proved its claim in bankruptcy; that its claim was based solely on the note, and that the appellee received his discharge in bankruptcy by the judgment of the proper court. It was also averred in this paragraph of the answer that the successor of the appellee made a settlement with him, and accepted the note described in the complaint in payment of the sum found due from the appellee to the township.

To this paragraph of the answer the plaintiff unsuccessfully demurred.

The complaint very clearly shows the nature and origin of the debt which Dunkle owed the township. The answer expressly concedes that the debt was due from Dunkle to the township for money he had failed to pay over to his successor, and it tacitly admits that he had wrongfully converted the money to his own use.

The failure to controvert the averments of the complaint is an admission of their truth, but if there were no such averments in the complaint, the facts stated in the answer are sufficient to show the character of the debt. We have, therefore, a case where the debt is for money wrongfully appropriated by a public officer. It is perfectly clear that such a debt is

not barred by a discharge in bankruptcy.   It is equally clear that the creditor, by accepting a dividend, does not lose his. rights to resist the bar of the discharge.   The act of Congress. expressly provides that such a debt shall not be barred, and. that if proved and a dividend received on it, the amount so received shall be treated as a payment.   Rev. Stat. U. S.,. section 5117; Bump Bankruptcy, 728; Blumenstiel Bankruptcy, 539.

It is, however, argued that the fact that the successor of Dunkle received from him a promissory note relieves the debt of its fiduciary character, and brings it within the effect of the discharge.

This position can not be maintained.   The execution of the note did not change the character of the debt.   The note is not the debt; it is a mere evidence of the debt. *Waterman* v. *Morgan, ante,* p. 237.

The appellee was indebted to the township because he had, in direct violation of law, converted money entrusted to him as a public officer.   He did not owe the township simply because he had executed a promissory note to its trustee, but because he had violated the law and converted the money belonging to the township.

It is well settled that the courts will look behind a note, a mortgage, or even a judgment, to ascertain the nature of the debt, and if it is ascertained to be one which a discharge does not bar, it will be so adjudged. *Donald* v. *Kell,* 111 Ind. 1, and cases cited; *Wade* v. *Clark,* 52 Iowa, 158 (35 Am. R. 262); *Young* v. *Grau,* 14 R. I. 340, and cases cited, n.; *Carlin* v. *Carlin,* 8 Bush, 141; *Simpson* v. *Simpson,* 80 N. C. 332; *Calvert* v. *Peebles,* 80 N. C. 334; *Councill* v. *Horton,* 88 N. C. 222.

In *Young* v. *Grau, supra,* it was said : " The statute looks back to the origin, and change of form is not change of origin."

In another case it was said : " The fiduciary character of the debt does not depend upon its form, but the manner

of its origin and the acts by which it is incurred." *Simpson* v. *Simpson, supra.* Substantially the same statement of the rule was made by this court in *Donald* v. *Kell, supra.*

The case of *Sorden* v. *Gatewood,* 1 Ind. 107, carries the rule somewhat further, and declares that the party who relies on a discharge in bankruptcy must aver and prove that the debt was one which the discharge would bar. But it is enough for us in the present case to decide, that the debt appears from the complaint and the answer to be one from which the discharge in bankruptcy does not relieve the debtor. This conclusion follows from the rule laid down by the authorities we have cited, for no ingenuity can make the debt other than that of a defaulting public officer. If there had been no default there would have been no debt, for the conversion of the money constitutes the debt. If that element were eliminated the written evidence of indebtedness would be utterly without force.

It is further contended that the successor of the appellee accepted the note in payment of the debt, and that this cancelled or merged the original claim. This position is founded on an assumption that can not be made good. An incoming trustee has no authority to take payment in the promissory note of his predecessor. A township trustee is invested with mere naked statutory authority, and can do only such acts as the statute expressly or impliedly authorizes. All persons who deal with him are bound to take notice of this fact. *Bloomington School Tp.* v. *National, etc., Co.,* 107 Ind. 43; *Summers* v. *Board, etc.,* 103 Ind. 263 (53 Am. R. 512); *Union School Tp.* v. *First National Bank,* 102 Ind. 464, and cases cited.

In the case first cited it was said by Howk, C. J.: "Such trustee does not and can not act as the agent merely of his township. He is a public officer, and his relations to his township, as the name of his office clearly imports, are all of a fiduciary nature. In dealing with such trustee, all persons are bound to take notice of his official and fiduciary

character, and to know that he can only bind his township by his contracts, verbal or written, when it appears, or is shown by proper averment and proof, that such contracts are authorized by law." There is certainly no law authorizing a township trustee to discharge his obligation to the township for money wrongfully converted by executing his own note to his successor; nor is there any law authorizing his successor to receive a note in discharge of such an obligation.

On the contrary, the law requires the outgoing trustee to pay his obligation in money. R. S. 1881, sections 5999, 1951. The section last cited makes the trustee guilty of embezzlement if he knowingly appropriates funds to any other purpose than that for which they were raised or appropriated. The law thus plainly declares that the trustee shall not appropriate the township funds to his own use, and, certainly, if he has done what the law forbids, he can not discharge his debt to the township by his own promissory note. He is not in a situation to insist that his successor accepted what he had no right to accept, nor is he in a situation to assert that his successor did release him by accepting his note, for he is bound to know that his successor could not bind the township by such a contract. It follows that, notwithstanding the agreement of McMurray, the original debt due the township remained unpaid. As that debt was one not barred by the discharge in bankruptcy, the court erred in ruling that the sixth paragraph of the answer was good.

We have seen that it is proper for the plaintiff to go back to the original debt, even in ordinary cases, for the purpose of showing its true character. Here there is, if possible, a much stronger reason for doing so. The outgoing trustee owed a duty to the township to pay over the money in his hands. This was a duty imperatively enjoined upon him as a public officer, and it was, moreover, a duty from which no other officer could relieve him. He was bound to perform it in obedience to law, and he had no right to rely

upon any act of his successor, not authorized by law, as relieving him from that duty. It was, therefore, competent for the plaintiff to aver in its complaint the nature of the debt, and that it was evidenced by a written promise. The debt is one thing, and the evidence of it is another. As the complaint shows that the debt was one which a discharge in bankruptcy does not bar, an answer which does not avoid that part of the complaint can not be sufficient. But, leaving altogether out of consideration the averments of the complaint upon the subject of the settlement, the answer is bad. It is bad irrespective of the construction which may be placed upon the complaint, because it shows that the debt was one which the bankrupt law expressly declares shall not be barred by a discharge. It shows that the money was due the township on a settlement with the appellee's successor in office, and the courts know, as matter of law, that it was the imperative duty of the outgoing trustee to pay over the money in his hands to his successor. In one method only could Dunkle relieve himself from liability; and that was by paying over the money of the township to his successor in office. He could not make any contract with his successor that would relieve him from that duty. Against such a debt his discharge in bankruptcy is of no avail.

Judgment reversed.

Filed March 31, 1888.