In re ADLER.

(Circuit Court of Appeals, Second Circuit.   March 5, 1907.)

No. 165.

1. BANKRUPTCY—STAY OF ACTION AGAINST BANKRUPT.

On an application to a district court in bankruptcy to stay an action against a bankrupt, or to vacate such a stay, the court is not required to enter into an investigation dehors the pleadings in such action to ascertain its nature.

2. SAME—DEBTS RELEASED BY DISCHARGE—MISAPPROPRIATION BY AGENT.

An action at law to recover a money judgment for a sum which the complaint alleges the defendant received as factor and agent of the plaintiff for the sale of goods, under a contract by which he was to bill the goods in his own name, collect the proceeds, and forthwith pay over the identical money so received to plaintiff, and which it is further alleged he misappropriated to his own use, is not one to recover a debt created by the defendant's fraud or misappropriation while acting in a fiduciary capacity, within the meaning of Bankr. Act July 1, 1898, c. 541, § 17a (4), 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]; and on the bankruptcy of the defendant such action may properly be stayed by the court of bankruptcy.

Wallace, Circuit Judge, dissenting.

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of New York, in Bankruptcy.

On petition to review an order of the District Court for the Southern District of New York denying a motion of the Manhattan Oil Company to vacate and modify an order of said court, dated May 1, 1906, in so far as it stays the said oil company from proceeding to prosecute its action pending against said bankrupt in the Supreme Court of the state of New York.

H. M. Johnsson and Black, Olcott, Gruber & Bonynge, for petitioner.
I. L. Ernst and Olcott, Gruber, Bonynge & McManus, for respondent.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

COXE, Circuit Judge. The character of the action in the state court must be determined by the pleadings. The complaint alleges: That in February, 1904, the plaintiff, the Manhattan Oil Company, entered into an agreement with the defendant, the bankrupt, whereby he became the factor and agent of the plaintiff for the sale of its oil to the Johns-Manville Company. That the bills were to be made out in the name of the defendant as seller, but upon the receipt of payment he should forthwith pay over to the plaintiff the identical sums received by him, whereupon, and not prior thereto, the plaintiff agreed to pay his commissions as factor and agent for the consummation of said sales. That the Manville Company under this agreement has paid the defendant $2,780.19, which he has misapplied to his own use to the damage of the plaintiff in the said amount.

The answer admits every allegation of the complaint, except that the defendant received $2,780.19 from the Manville Company, which allegation he denies. For a separate defense he alleges the acceptance of three promissory notes in full payment and satisfaction of the claim for the alleged conversion. By stipulation between the parties, printed in petitioner's brief, no contention based on this defense is to be considered on the argument in this court.

It seems to be conceded on both sides that the only question to be determined is whether or not the indebtedness alleged in the complaint was created by the bankrupt's fraud, embezzlement, misappropriation or defalcation, while acting in a fiduciary capacity. It is well settled that a factor or agent who sells the goods of his principal and fails to pay over the money collected is not guilty of misappropriation, while acting in a fiduciary capacity, within the meaning of the bankruptcy act. Chapman v. Forsyth, 2 How. 202, 11 L. Ed. 236; Crawford v. Burke, 195 U. S. 176, 25 Sup. Ct. 9, 49 L. Ed. 147; Barrett v. Prince, 143 Fed. 302, 74 C. C. A. 440.

It is argued by the petitioner that the bankrupt was the trustee of an express trust by which he agreed to receive the checks paid for the oil company's property as custodian merely and to deliver them to the company intact, except so far as his indorsement was necessary to complete the transfer. The allegations regarding the transfer of the checks do not appear in the complaint, but in the affidavits presented upon the motion to dissolve the stay. In the complaint the averment is that "the said defendant should forthwith, without delay, pay over and deliver to the plaintiff the identical sums so received," which averment could probably be made with truth in all cases where a factor fails to account. If the amplifications of the affidavits are to be considered it is still a debatable question whether the parties intended thereby to create an express trust or whether they related merely to details of the manner in which the business was to be transacted. But however this may be we are of the opinion that the law does not require the district court to enter into an investigation dehors the pleadings to ascertain the nature of the action. He was asked to restrain the suit as it was, not as it might be.

The action is at common law for the recovery of a money judgment in the sum of $2,780.19. There is no allegation of an express trust and no demand that such a trust be decreed. If the defendant permitted a default it is difficult to see how the plaintiff could recover except for the sum demanded. The complaint alleges that "the defendant became the factor and agent of the plaintiff for the sale of certain goods," that "the plaintiff agreed to pay to the defendant his commissions as said factor and agent," that "the plaintiff delivered to the defendant certain goods * * * for sale by said defendant, as factor and agent of the plaintiff," and "that the defendant has received the said moneys so paid as factor and agent of plaintiff in a fiduciary capacity and misapplied the same to his own use to the damage of the plaintiff in the sum of $2,780.19." After all this can it be said that this action is an action for an accounting founded upon an express trust?

We think the facts fully warranted the district judge in granting, and refusing to vacate, the stay in question.

The order is affirmed.

WALLACE, Circuit Judge, dissents.