M. G. BLACKMAN, Plaintiff in Error, v. I. R. Mc-ADAMS, Defendant in Error.

Kansas City Court of Appeals, June 8, 1908.

1. **BILLS AND NOTES: Pleading: Bankruptcy: False Representations.** A declaration was on a note. The answer set up a discharge in bankruptcy. The replication averred the debt sued for had been contracted by fraud and false representation. *Held*, the matter of fraud need not be set up in the petition but was properly presented in the reply.

2. ———: **Bankruptcy: False Pretenses: Contract.** Defendant bought cattle of plaintiff representing that they would be paid for on his check. The check was partially paid and thereafter plaintiff took defendant's note for the remainder of the purchase price. *Held*, while the original contract was voidable by reason of fraud in the representation, yet the plaintiff, knowing of the false pretenses, took the note and it was not attended with fraud so as to defeat a discharge in bankruptcy.

Error to Jackson Circuit Court.—*Hon. John G. Park,* Judge.

AFFIRMED.

*John C. Nipp* and *J. H. Bremmerman* for plaintiff in error.

The court erred in sustaining defendant's motion for judgment on the pleadings and in dismissing plaintiff's petition, and entering judgment for the defendant for the reason that the note upon which plaintiff based his cause of action against the defendant was a liability of the defendant's for obtaining property by false pretenses or false representations and was not affected by defendant's discharge in bankruptcy and plaintiff had a right to base his action on note and set up in his reply in rebuttal to defendant's answer any new matter which would be a defense to defendant's answer, and that the debt was created by fraud or false representations, not to change his cause of action from contract to fraud, but to prevent its being barred by the discharge in bankruptcy. Amendment of 1903 to Bankrupt Act of 1898, sec. 17; R. S. 1899, sec. 607; Broadnax v. Bradford, 50 Ala. 270; Jacobson v. Horne, 52 Miss. 186; Brown v. Broach, 52 Miss. 538; Argall v. Jacobs, 87 N. Y. 110; Bank v. Crandall, 87 Mo. 211; Ames v. Moir, 138 U. S. 306; Frey v. Torrey, 70 N. Y. (App. Div.), 166; Goodman v. Herman, 172 Mo. 347; Mackel v. Rochester, 135 Fed. 904.

*Geo. W. Littick,* for defendant in error, filed argument.

ELLISON, J.—This is an action on a promissory note executed by defendant to plaintiff on March 30, 1903, due on September 1, 1903, for the sum of $322.50 with eight per cent interest. The petition was an or-

dinary declaration on the note.    The answer set up defendant's discharge in bankruptcy in the proper United States district court.    Plaintiff filed a reply to the answer in which he alleged that the note was a liability arising by reason of defendant having obtained from him a lot of cattle by means of false pretenses and false representations.    Defendant thereupon filed a motion for judgment on the pleadings, which was sustained by the circuit court, and plaintiff has brought the case here.

Section 17 of the amendments of 1903 to the bankrupt law provided that:    "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as  . . .    (2)—are liabilities for obtaining property by false pretenses or false representations. . . . ."

The first point made is that the matter alleged in the reply should have been set up in the petition.    We think not.    The answer set up new matter in alleging defendant's discharge from the debt, in bankruptcy. It was then proper in avoidance of the discharge to plead, by way of reply, such matter as put the case without the operation of the discharge.    This is the approved method of pleading in like conditions of case. [See sec. 607, R. S. 1899.]

The reply stated the consideration of the note to be the sale of cattle by plaintiff to defendant.    It then stated what is alleged to be false and fraudulent representation.    Passing by the indefinite and somewhat confusing statement of false pretenses, and passing by matters stated to be false pretenses which the law would not so consider, it does appear that defendant represented that he had authority to draw a sight draft on the Gillespie Bros. Commission Company for the price of the cattle and that he drew the draft and thereby procured the cattle; but that that company returned the draft to plaintiff "stating that defendant had no money

with which to pay the *full* amount thereof." It also appears that defendant paid part of the price and afterwards executed the note in suit for the balance. The argument of counsel concedes that when the sight draft was returned to plaintiff only partly paid, then the note due September following was accepted by plaintiff. In these circumstances is the note in suit a liability "for obtaining property by false pretenses or false representations?" .

When property is obtained from another by false pretenses or other fraudulent practices, as through a contract of purchase, the contract is not absolutely void; it is only voidable, at the election of the party defrauded. He may choose to stand by the contract and allow the sale to become absolute, or he may repudiate the contract for the fraud. In this case, after plaintiff found out the sight draft was drawn without authority—after he discovered that only a part of the cash purchase price was paid—in short, after he learned of the fraud here stated and all other matter alleged in the reply to be fraud, he entered upon a new contract whereby he accepted part of the purchase price and the note in suit for the balance. There was no fraud in this. The note was not obtained by false pretenses or representations. Plaintiff knew the entire situation and exactly what he was about when he accepted the note. If he had 'been induced by defendant's false representations to accept the note—if he had been blinded by defendant's artifices and falsehoods and thereby took the note which otherwise he would not have taken, his case would have been altogether different. It would have then been a case to which the authorities cited in his behalf would have been applicable.

There arose in the Supreme Court of Vermont the following: An endorser of a bill was induced to endorse it by fraudulent representations of the drawer. Afterwards he was compelled to pay it and then brought

suit and recovered judgment against the drawer for the amount, and the latter pleaded his discharge in bankruptcy. It was held that the debt was not created by fraud, within the meaning of the bankrupt act. The court said that "There is nothing in the record of the judgment sought to be enforced by this suit that furnishes the slightest intimation that the transaction by which the debt was created was tainted with fraud. The plaintiff's testator has elected to treat it as a debt created by contract, and, so far as the judgment in suit is concerned, has waived all fraud. . . . The judgment, being conclusive upon the defendant as to the manner in which the indebtedness evidenced by the judgment was created, ought to be equally conclusive upon the plaintiff's testator in the same particular. We think the judgment in suit must be equally conclusive and binding upon both parties to it in regard to the manner in which the indebtedness was created, unless the judgment itself was procured by the fraud of one of the parties. These views are not in conflict with the decisions of the United States courts in regard to this section of the bankrupt act. *In re Whitehouse,* 4 Bankruptcy Reg., 15." [Palmer v. Preston, 45 Vt. 154.]

The result of our consideration is to affirm the judgment. All concur.