EDMUND C. PLATT, TRUSTEE, *vs.* LUCY S. IVES.

First Judicial District, Hartford, March Term, 1913.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

An accommodation indorser on the outstanding notes of an insolvent maker is a "creditor" of the latter within § 60 *a*, *b*, of the Bankrupt Act, and his claim is provable against the bankrupt estate as a contingent claim founded on contract.

Such an indorser must refund to the bankrupt estate any preferential payments the bankrupt may have made to the holder on account

Platt *v.* Ives.

of the notes, before he can prove his own claim for payments as indorser; for the holder is secured by the indorsement and therefore such payments by the insolvent constitute a preference which enures wholly to the benefit of the indorser at the expense of the other creditors of the bankrupt estate.

If such payments are made within the prohibited time, and if the indorser or his agent had reasonable cause to believe that a preference was thereby intended, as in the present case, the trustee in bankruptcy may avoid the payments and recover the sums so paid from the indorser.

The limitation of one year from the adjudication in bankruptcy, in which to prove claims, does not apply to claims which are liquidated by litigation after the year has elapsed.

Argued March 4th—decided April 17th, 1913.

ACTION by a trustee in bankruptcy to recover the value of property which was alleged to have been transferred to and received by the defendant, a creditor, in violation of the provisions of the Bankrupt Act prohibiting preferences, brought to and tried by the Superior Court in Litchfield County, *Case, J.;* facts found and judgment rendered for the plaintiff for $7,083, and appeal by the defendant. *No error.*

*Leonard J. Nickerson,* with whom was *John F. Addis,* for the appellant (defendant).

*Samuel A. Davis,* for the appellee (plaintiff).

BEACH, J. The Frank E. Rowe Company, a corporation located in New Milford, was adjudicated bankrupt December 6th, 1906, upon a petition of creditors filed July 26th, 1906.

The defendant, Lucy S. Ives, who died after judgment and after notice of this appeal had been filed, was the mother of one Henry C. Ives, the secretary and treasurer of the bankrupt corporation; and in June, 1906, she was an indorser for accommodation on notes of said corporation, discounted at the First National

Bank of New Milford, in the amount of $7,500. Between June, 1906, and the date of the adjudication in bankruptcy, there was paid to the bank $7,083 on the notes indorsed by the defendant, with the result that when the schedules were filed on January 14th, 1907, the bankrupt estate exhibited assets of only $756.27 against liabilities of $15,711.09. In other words, all the available assets of the bankrupt had been converted into cash and applied to the payment of these notes, and the consequent discharge of the defendant's liability as indorser, to the practical exclusion of all other creditors.

All of the payments in question are found to have been made out of the assets of the corporation while the corporation was insolvent, and while its officers and managers knew it was insolvent. All of them are found to have been made within four months prior to the filing of the petition, or between the filing of the petition and the adjudication.

It is objected as to one payment that no specific date is found, but only that it was made "in the summer of 1906"; but that is sufficiently specific in view of the dates of the petition and adjudication.

It is also found that these payments were made with the intention and effect of enabling the defendant to obtain a greater percentage of her debt than other creditors of the same class; that the defendant knew or had reason to believe that it was intended thereby to give her a preference; and that Henry C. Ives, the secretary and treasurer of the corporation, was the agent of the defendant in all of her transactions connected with the business of the corporation.

One of the payments to the bank, amounting to $2,000, was from the proceeds of certain lumber transferred by the insolvent to the defendant and Henry C. Ives, for the purpose of relieving her as an indorser.

Another payment, of $2,888.47, was from the proceeds of a note of one Marcy, which had been indorsed by the insolvent to the defendant for the purpose of protecting her.

The other payments, amounting to $2,195, were made directly by the insolvent to the bank without passing through the defendant's hands.

The appellant excepts to and moves to correct the findings of the court relating to the transfer of the lumber to the defendant, to the amount of the proceeds of the Marcy note, to the knowledge and information of the defendant, and to the agency of Henry C. Ives; but the evidence certified justifies the findings, and the motions to correct are denied.

The trustee brought this action pursuant to subdivisions *a* and *b* of § 60 of the Bankrupt Act, which are as follows: "*a* A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, or after the filing of the petition and before the adjudication, procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. . . . *b* If a bankrupt shall have given a preference, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person. . . . " U. S. Comp. Stat. (1909) p. 1314.

The appellant claims that these sections do not apply to an accommodation indorser whose liability has been discharged by the maker's payment of the notes at or

before maturity. It is said that the appellant's liability was only contingent and secondary, and that, because she was never called on to pay the notes, she never became a "creditor" of the bankrupt, and never owned any provable claim against the estate which could be made the subject of a preference. It is not denied that a preference was given, within the meaning of subdivision *a;* but it is claimed that the preference must be recovered, if at all, from the bank.

All of these claims are in conflict with the decided cases and with the plain equities of this case. The authorities hold that an accommodation indorser, before the notes are paid, is a creditor; that his claim is provable as a contingent claim founded on contract; and that, therefore, such an indorser must refund to the estate any preferential part payments made by the maker to the holder on account of the notes, before he can prove his own claim for payments as indorser. *Swarts* v. *Siegel*, 117 Fed. Rep. 13, 54 C. C. A. 399; *In re O'Donnell*, 131 Fed. Rep. 150; *Reber* v. *Shulman*, 183 Fed. Rep. 564, 106 C. C. A. 110; *Paper* v. *Stern*, 198 Fed. Rep. 642, 117 C. C. A. 346; *In re Lyon*, 121 Fed. Rep. 723, 58 C. C. A. 143. In the *Lyon* case the Circuit Court of Appeals for this circuit said (p. 725): "The indorsers being solvent, it was immaterial to the bank whether Lyon's check was paid or not; payment of it was wholly for the benefit of Batten & Co." So, in this case, Mrs. Ives being solvent, it was immaterial to the bank whether these notes were paid by the corporation or not; payment of them by the insolvent maker was wholly for the benefit of the indorser, and was a preference given nominally to the bank, but actually given to the defendant, in respect of a debt provable in bankruptcy.

Such a preference made within the prohibited time is plainly voidable under the language of the Act, when,

as in this case, the indorser, being the person "to be benefited thereby," had reasonable cause to believe that a preference in her behalf was intended. "To constitute a preference, it is not necessary that the transfer be made directly to the creditor. It may be made to another for his benefit. If the bankrupt has made a transfer of his property, the effect of which is to enable one of his creditors to obtain a greater percentage of his debt than another creditor of the same class, circuity of arrangement will not avail to save it." *National Bank* v. *Herkimer Bank*, 225 U. S. 178, 184, 32 Sup. Ct. Rep. 663. In *Kobusch* v. *Hand*, 156 Fed. Rep. 660, 662, 84 C. C. A. 372, the Circuit Court of Appeals for the Eighth Circuit, after referring to its own decision in *Swarts* v. *Siegel*, 117 Fed. Rep. 13, 54 C. C. A. 399, said: "It is almost an imperceptible step in advance of this decision, but a logical and reasonable one, to say that where the surety is the president of the bankrupt, and with the knowledge of its insolvency directs the payment to the holder of the obligation with intent to relieve himself from liability and to secure an advantage over other creditors, a preference arises which may be recovered from him by the trustee."

In the present case those payments which were not made through and by direction of the appellant herself, are found to have been made by the secretary and treasurer of the bankrupt, acting as the agent of the appellant. To the same effect are *In re Bailey & Son*, 166 Fed. Rep. 982, 984, *Brown* v. *Streicher*, 177 Fed. Rep. 473, and *Landry* v. *Andrews*, 22 R. I. 597, 48 Atl. 1036.

It was contended that the appellant, if the judgment were sustained, would be unable, because of the trustee's delay in bringing suit, to prove her claim for a dividend; but the recent cases hold that the limitation to one year after the adjudication does not apply

to the proof of claims liquidated by litigation after the year has elasped. *In re Lange Co.*, 170 Fed. Rep. 114; *In re Clark*, 176 Fed. Rep. 955; *In re Salvator Brewing Co.*, 193 Fed. Rep. 989, 113 C. C. A. 626. In the *Clark* case, the trustee brought an action to recover a wrongful preference more than one year after the adjudication, and final judgment in the trustee's favor was rendered more than two years after the adjudication. Yet the defendants, upon paying the judgment, were allowed to prove their claim for a dividend.

There is no error.

In this opinion Prentice, C. J., and Thayer, J., concurred.

Wheeler, J. (dissenting). I concur in the opinion except as to its treatment of the Dr. Marcy note. The finding—paragraph fifteen—that the amount paid by Dr. Marcy to Mrs. Ives on this note was $2,888, should be corrected, and the amount so paid stated to be $1,500, and the judgment corrected to correspond with the finding thus corrected.

The Rowe Company was in the lumber and building business at New Milford, and engaged in building operations for Dr. Marcy at White Plains. Henry C. Ives, son of the defendant, was the secretary and treasurer of this Company. It was insolvent in June, 1906; at which time Mrs. Ives was an accommodation indorser of notes of the Company discounted by the New Milford National Bank to the amount of $7,500. Mr. Ives, in order to protect his mother upon her indorsements, and while the Company was insolvent, collected in all of the assets of the Company he could, and turned the proceeds over to the bank in payment of these indorsed notes. With this purpose he, as secretary and treasurer, indorsed in blank a note for $2,888,

given by Dr. Marcy to the Company on account of said building operations.

The trial court finds this note was paid in full to Mrs. Ives, and includes this amount in the judgment. The evidence shows that only $1,500 was paid on this note, and the check so paid turned over to the bank and applied by it on the notes upon which Mrs. Ives was an indorser. Mrs. Ives ought to be held liable only for the proceeds of the note which came to her or to the bank for her benefit.

The only evidence the plaintiff produced upon this subject was that of Henry C. Ives. Mr. Ives testified that after the Company had indorsed over this note to Mrs. Ives, Dr. Marcy came to the Company with Mr. Fred Williams, an attorney of New Milford, and showed the Company that certain payments had been made by him for work done on said building operation on account of which this note had been given, and which payments had not been turned into the Company, and so had not been indorsed on the note, and thereupon Mr. Ives indorsed upon the note these credits, reducing it to $1,500, and that subsequently Dr. Marcy paid Mrs. Ives by check $1,500, the balance due upon this note, and she turned the check over to the bank.

The burden of proving the amount due from Mrs. Ives was upon the plaintiff. He did not attempt to put Dr. Marcy or Mr. Williams on the stand, nor did he attempt to introduce the note or the check by which Mr. Ives said the note was paid, nor did he attempt to prove the transaction from the books or officials of the bank. All of this testimony was, so far as appears, available.

Instead of attempting to prove that the testimony of his own witness, Mr. Ives, as to these payments and this check was incorrect, the plaintiff introduced no other

evidence relating to the Dr. Marcy note except the ledger sheet of the Company showing the balance as $2,888. But Mr. Ives fully explained this, and his explanation could have been readily attacked if incorrect. The plaintiff should be bound by the uncontradicted testimony of his own witness.

Paragraph fifteen of the finding should be corrected to correspond with the proof, and the judgment reduced to correspond with the corrected finding.

In this opinion RORABACK, J., concurred.