FIDELITY AND CASUALTY COMPANY OF NEW YORK *v.*
ADOLPH GOLOMBOSKY

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

318

Argued June 7—decided July 9—reargued November 6—
decided after reargument December 19, 1946

*John S. Barton,* for the appellant (plaintiff).

*Philip Reich,* for the appellee (defendant).

MALTBIE, C. J.   The plaintiff brought this action to the Superior Court in Fairfield County seeking recovery upon a judgment it had obtained in the Court of Common Pleas in Luzerne County, Pennsylvania. The Superior Court rendered judgment in its favor. The defendant made motions to stay the execution on the judgment, and, while the pleadings are somewhat confused, the parties have regarded them as presenting this issue:   The defendant on October 24, 1944, filed a petition in bankruptcy and on December 13, 1944, received a discharge, and he claims that the debt evidenced by the Pennsylvania judgment was included within that discharge; the contention of the plaintiff is that, while the Pennsylvania judgment was based upon a note executed by the defendant which contained a confession of judgment, the note was without consideration other than a pre-existing debt owed by the defendant to the

plaintiff which, as alleged in an "answer" it filed to the first motion of the defendant, was created by his "fraud, embezzlement, misappropriation or defalcation while acting in a fiduciary capacity," and that the discharge was no defense. At the hearing on the last motion to stay the execution, the plaintiff offered evidence in support of this allegation, but the trial court excluded it, ruling that the defendant's debt to the plaintiff was "created" by the Pennsylvania judgment and that it was, therefore, included within the discharge. Intrinsic in this ruling, as an examination of the memorandum of the trial court shows, was the conclusion that the plaintiff, seeking to enforce a judgment it had secured upon a note, could not show, to avoid the effect of the defendant's discharge, that the note in fact represented an obligation created by the defendant's misappropriation of money of the plaintiff while acting in a fiduciary capacity. No question was raised as to the right of the court, if the debt was discharged, to stay execution, or as to the sufficiency of the pleadings and judgment to present the question, and we do not consider these matters.

The Bankruptcy Act (§ 17) provides: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity. . . ." 52 Stat. 851, 11 U.S.C. § 35. The decisive question is: Does the fact that the judgment was based upon a note preclude the plaintiff from showing that the debt which it represented was created by fraud, embezzlement, misappropriation or defalcation within the clause quoted from the act?

Upon this question the Supreme Court of the United States has not, so far as we have discovered, spoken the final word. In *Strang* v. *Bradner,* 114 U. S. 555, 5 S. Ct. 1038, 29 L. Ed. 248, the court had before it the question whether, upon the facts, a debt was within the exception from the effect of a discharge in bankruptcy which we are considering; the plaintiffs had secured a judgment against the defendant upon a claim based on false and fraudulent misrepresentations; the court held that it was excepted from the effect of the discharge and said (p. 560) : "But had the plaintiffs waived their right to claim damages specifically for the deceit practised upon them, and made a claim against the estate of the bankrupts based wholly upon their legal obligation to save plaintiffs harmless on account of their being the makers and indorsers of the notes in question, or if the present action had been based upon that obligation, and not upon the fraud committed by defendants, it would not follow that the defendants would be protected by their discharges in bankruptcy; for, the statute expressly declares that a discharge is subject, even in respect of claims provable in bankruptcy, to the limitation that no *debt created by the fraud* of the bankrupt shall be discharged by the proceedings in bankruptcy, and that *a debt so created* may be proved, and the dividend thereon shall be a payment *on account of such debt.* . . . It is, therefore, clear that, whether the claim asserted by plaintiffs is regarded as one arising out of the deceit or fraud of the defendants, or as a debt created by their fraud, the discharges in bankruptcy do not constitute a defence." The action to which reference is made in the quotation would have been one founded on contract; *Platt* v. *Ives,* 86 Conn. 690, 694,

86 A. 579; and, while the statement is undoubtedly obiter dictum, it is of weight upon the question before us. In *Wetmore* v. *Markoe,* 196 U. S. 68, 72, 25 S. Ct. 172, 49 L. Ed. 390, it is said: "The mere fact that a judgment has been rendered does not prevent the court from looking into the proceedings with a view of determining the nature of the liability which has been reduced to judgment"; but the court did not limit the inquiry to the record of the case. See *Wisconsin* v. *Pelican Ins. Co.,* 127 U. S. 265, 292, 8 S. Ct. 1370, 32 L. Ed. 239.

In the decisions of other courts, there is a sharp conflict. In the following cases it was held that it was not permissible, in determining whether a debt on judgment was discharged, to look beyond the judgment and the record of the action in which it was rendered. *In re Stone,* 278 F. 566; *Rice* v. *Guider,* 275 Mich. 14, 18, 265 N. W. 777; *Palmer* v. *Preston,* 45 Vt. 154; *Strauch* v. *Flynn,* 108 Minn. 313, 122 N. W. 320; *Karger* v. *Orth,* 116 Minn. 124, 127, 133 N. W. 471; *Ford* v. *Blackshear Mfg. Co.,* 140 Ga. 670, 677, 79 S. E. 576; *Blackman* v. *McAdams,* 131 Mo. App. 408, 411, 111 S. W. 599; *Goodman* v. *Herman,* 172 Mo. 344, 354, 72 S. W. 546; *Aetna Casualty & Surety Co.* v. *Sentilles,* (La. App.) 160 So. 149, 151; *Chambers* v. *Kirk,* 41 Okla. 696, 700, 139 P. 986; *Scott* v. *Corn,* (Tex. Civ. App.) 19 S. W.2d 412, 415. The defendant has cited in support of the conclusion reached in these cases two decisions of the United States Circuit Court of Appeals for the second circuit: *In re Adler,* 152 F. 422, 81 C.C.A. 564; *In re Harber,* 9 F.2d 551. These were both cases in which a stay of proceedings in an action against the bankrupt was sought under § 11 (a) of the Bankruptcy Act; 52 Stat. 849, 11 U.S.C. § 29 (a); such a stay is

a temporary order effective, generally speaking, only until the petition in bankruptcy is dismissed or the bankrupt is discharged; and the granting of the stay is not a final adjudication that the claim in suit is not dischargeable. Unless the debt is one which would clearly be within the discharge, federal courts have held that the stay should be granted. *In re Nuttall,* 201 F. 557, 559; *In re Bernard,* 280 F. 715, 717. These considerations, no doubt, account for the guarded language of the court in the *Harber* case (p. 553): "We do not look to the affidavits, or beyond the pleadings and judgment, in determining such motions." On the other hand there are several decisions where it has been held that the origin of the indebtedness may be proved by evidence dehors the record of the case in which the judgment was rendered. *Packer* v. *Whittier,* 91 F. 511, 513, 33 C.C.A. 658; *Brown* v. *Hannagan,* 210 Mass. 246, 96 N. E. 714; *Stewart* v. *Emerson,* 52 N. H. 301; *Gehlen* v. *Patterson,* 83 N. H. 328, 141 A. 914; *Gregory* v. *Williams,* 106 Kan. 819, 821, 189 P. 932; *Madison* v. *Dunkle,* 114 Ind. 262, 16 N. E. 593; *Ames* v. *Moir,* 130 Ill. 582, 593, 22 N. E. 535; *Howland* v. *Carson,* 28 Ohio St. 625, 629; *Young* v. *Grau,* 14 R. I. 340; *Simpson* v. *Simpson,* 80 N. C. 332, 334; *Councill* v. *Horton,* 88 N. C. 222; and see *Wisconsin* v. *Pelican Ins. Co.,* supra, 293; *Mackel* v. *Rochester,* 135 F. 904; *Hargadine-McKittrick Dry Goods Co.* v. *Hudson,* 122 F. 232, 236, 58 C.C.A. 596.

The decisions which have held that in determining the nature of the indebtedness a court cannot go behind the judgment and record seem generally to have overlooked two principles which the cases place beyond dispute: Where an action is brought upon a note, and a discharge in bankruptcy is set up as a defense, proof is admissible to show that the under-

lying debt was created by fraud or one of the other excepted causes; *American Surety Co.* v. *McKiearnan*, 304 Mich. 322, 8 N. W.2d 82, 145 A.L.R. 1235, and note, 1238; *Zimmern* v. *Blount*, 238 F. 740, 745, 151 C.C.A. 590; and the rendition of a judgment upon an obligation does not change the character of the indebtedness. *Boynton* v. *Ball*, 121 U. S. 457, 466, 7 S. Ct. 981, 30 L. Ed. 985; *Brown* v. *Hannagan*, supra; *Guernsey-Newton Co.* v. *Napier*, 151 Wash. 318, 320, 275 P. 724; *Argall* v. *Jacobs*, 87 N. Y. 110, 113; *Wade* v. *Clark*, 52 Iowa 158, 159, 2 N. W. 1039; *Young* v. *Grau*, supra. In the light of these accepted principles, there would seem to be no escape from the conclusion that the rendition of a judgment based upon a note does not preclude proof by evidence extraneous to the record, in reply to a defense of discharge in bankruptcy, that the underlying debt was created by fraud, embezzlement, misappropriation or defalcation within the exception we are considering. Moreover, some of the decisions above cited falling within the first category seem to regard proof that the debt was created by one of these causes by means of evidence dehors the record of the case in which the judgment was rendered as involving an attack upon that judgment; that clearly is not so; the plaintiff sues upon the judgment, the defendant pleads a defense entirely extraneous to the action in which the judgment was rendered, i.e., his discharge, and the plaintiff attacks his right to avail himself of that defense; the plaintiff is in no sense attacking the judgment but is throughout insisting upon his right to recover upon it in the manner and form in which it was rendered. It is significant of the intent of the Congress that in the Bankruptcy Act of 1898 (30 Stat. 544) the second clause of § 17 (cor-

responding to 11 U.S.C. § 35) excepted from the discharge "judgments in actions for frauds, or obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another." In order to avoid a discharge under this clause, it was clearly necessary that the record of the action in which the judgment was rendered should show that the action was founded upon one of the grounds mentioned. *In re Rhutassel,* 96 F. 597, 599; *Hargadine-McKittrick Dry Goods Co.* v. *Hudson,* 111 F. 361, 363; see *Bullis* v. *O'Beirne,* 195 U. S. 606, 619, 25 S. Ct. 118, 49 L. Ed. 340. The fourth clause, which we are considering, read in the 1898 act as it does now. Had the Congress intended that, where a claim has, under this clause, been reduced to judgment, the nature of the obligation must be determined upon the basis of the record in the action, it would not have been apt to use the broad language: debts "created by . . . fraud, embezzlement, misappropriation or defalcation."

The purpose of the Bankruptcy Act was "to relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh free from the obligations and responsibilities consequent upon business misfortunes." *Williams* v. *U. S. Fidelity Co.,* 236 U. S. 549, 554, 35 S. Ct. 289, 59 L. Ed. 713. It was also clearly the intent of the Congress that clemency should not be so far extended as to include obligations resulting from the acts of dishonesty specified in § 17 (11 U.S.C. § 35). Where the conduct of the bankrupt has created such an obligation, the intent should be effectuated unless there has occurred some circumstance which justifies setting it aside. We are unable to see why the purpose of the

Congress should be defeated because, where a defendant has been guilty of a misappropriation of money, he has given a note representing that money and the person to whom the obligation is due has taken a judgment on it. Indeed, when the note is accepted, it is probably far from the mind of the creditor that the debtor may become bankrupt, and the clemency which the former has extended to the latter in not pressing the fact of the misappropriation might, if the law were otherwise than we hold, result in the discharge of the obligation. Under the view we take, the creditor has the burden of proving that, in such a case, the note did represent money misappropriated, and the debtor will have the opportunity to defeat that claim by showing, for example, that he gave it, not because he had in fact misappropriated money, but merely "to buy his peace."

Our conclusion is that the plaintiff is entitled to prove, if it can, by evidence dehors the record of the action, that the note upon which the Pennsylvania judgment was based represented money misappropriated by the defendant, and that the debt was not within the defendant's discharge in bankruptcy. The trial court relied, and the defendant relies, quite largely on our decision in *Consolidated Plan of Connecticut, Inc.* v. *Bonitatibus,* 130 Conn. 199, 33 A.2d 140. That was an action based upon a judgment obtained in an earlier case where the plaintiff sued in contract upon a loan; defendant pleaded a discharge in bankruptcy; and the plaintiff replied that the debt had not been discharged because it fell within the exception made in the second clause of § 17 (11 U.S.C. § 35) of the Bankruptcy Act, debts such as "are liabilities for obtaining property by false pretenses or false representations." We held that

the plaintiff could not, in support of its reply, go beyond the judgment and record in the first action and offer evidence that the loan was obtained by false representations. Whether, in view of our present decision, we would adhere to that conclusion should such a situation again be presented, we have no need to consider.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion BROWN, JENNINGS and ELLS, Js., concurred.

DICKENSON, J. (dissenting). A considerable part of the majority opinion is devoted to the argument that the purpose of the Bankruptcy Act was to relieve an honest debtor from the weight of oppressive indebtedness and not to furnish a means of escape for the dishonest one whose debt is founded in fraud. I have no quarrel with this argument. My position is that, having obtained a judgment in another state for what bears the indicia of an honest debt and having sued upon that judgment in this state, the plaintiff may not, in this action, attack the character of the debt by evidence of fraud dehors the record. That is not to say that the plaintiff has no other means of setting aside the discharge as to the debt because of fraud in its creation. See *Brown* v. *Hannagan,* 210 Mass. 246, 96 N. E. 714.

The authorities are in substantial agreement that in such cases a judgment itself is not conclusive of the nature of the debt but that the courts may examine the record to ascertain the nature of the cause of action upon which it is based. In *Boynton* v. *Ball,* 121 U. S. 457, 466, 7 S. Ct. 981, 30 L. Ed. 985, it was

said that the debt does not necessarily merge in the judgment, that "it still remains the same debt *on which the action was brought in the state court."* (The italics are mine.) In *Wisconsin* v. *Pelican Ins. Co.,* 127 U. S. 265, 292, 8 S. Ct. 1370, 32 L. Ed. 239, the court stated that the essential nature of a cause of action was not changed by recovering judgment upon it. It added that while a court was not precluded from ascertaining the nature of the claim it could not go behind the judgment for the purpose of examining into its validity. In reference to actions brought on judgments of another state, the court quoted Justice Story to the effect that the federal constitution did not make the judgments of other states domestic judgments of the state in which recovery was sought and stated that they were not reexaminable on their merits in the latter state. In *In re Adler,* 152 F. 422, 423, 81 C.C.A. 564, the court said: ". . . we are of the opinion that the law does not require the district court to enter into an investigation dehors the pleadings to ascertain the nature of the action."

By the weight of authority, while the trial court may go behind the judgment into the record to ascertain the character of the action in such cases, it may not go behind the record to establish a different cause. 8 C. J. S. 1591.

As to decisions cited in the majority opinion as holding a contrary view, some relate to proceedings before judgment and others are based upon independent actions in equity, distinguishing them from the instant case. See *Brown* v. *Hannagan,* supra; *Howland* v. *Carson,* 28 Ohio St. 625. Some, indeed, hold that the judgment simply establishes the debt and that the creditor may prove that this arose out

of fraud by extrinsic evidence where a discharge in bankruptcy is pleaded as a defense. See *Young* v. *Grau,* 14 R. I. 340; *Gehlen* v. *Patterson,* 83 N. H. 328, 141 A. 914. I cannot accept the reasoning behind these latter decisions. "To determine the character of the liability upon which the appellant's judgment was founded, we must look to the suit in which it was rendered." *In re Hammond,* 98 F.2d 703, 704. The note in suit was not obtained by fraud and the plaintiff presumably knew the entire situation when he accepted it. *Blackman* v. *McAdams,* 131 Mo. App. 408, 411, 111 S. W. 599.

Such a proceeding as the plaintiff attempted and the majority opinion sanctions will require the trial here of a new cause of action arising in another state. Pursued to its logical conclusion, the action on the contract judgment will disappear temporarily from consideration and one for defalcation will take its place. When, and if, it is decided in that proceeding that the "original debt" had its basis in a defalcation, presumably the bar of the discharge will be removed and execution will issue on the Pennsylvania judgment, although that judgment is based upon a contract between the parties including a provision for the payment of a 10 per cent attorney's fee. "A judgment creates a debt, on the ground that a liability is ascertained and established, by the decision of a tribunal, which might rightfully adjudicate upon it; and such adjudication derives its whole force and effect from the laws of the state under whose authority it is made." *Wood* v. *Watkinson,* 17 Conn 500, 506. I agree with the trial court that the debt in the instant case was that "created" by the judgment.

This was the position we took in *Consolidated Plan of Connecticut, Inc.* v. *Bonitatibus,* 130 Conn. 199, 33

A.2d 140, upon which the trial court relied, and upon which no attack is made by the plaintiff in the instant case. The plaintiff, indeed, refers to it as a sound decision but distinguishable on the facts. In my opinion, the *Bonitatibus* decision is sound, is applicable, and has so far become the established law of the state as to make it unwise to overrule it even by implication.