Morris D. THOMAS and Ella Thomas, Plaintiffs,

v.

Ernest M. CROSBY, Defendant.
No. 8947.

United States District Court
W. D. Missouri, W. D.

Nov. 26, 1956.

Forrest R. Montgomery (of Casemore & Berman), Kansas City, Mo., for plaintiffs.

Marcy K. Brown, Jr., Joseph N. Miniace, Kansas City, Mo., for defendant.

R. JASPER SMITH, District Judge.

It is necessary to decide whether the judgment obtained by plaintiffs in this Court on January 31, 1955, against defendant, Ernest M. Crosby, is dischargeable in bankruptcy.

A review of the factual circumstances reveals that on November 7, 1949, plaintiffs recovered in the District Court of Oklahoma County, Oklahoma, a final, valid judgment in default against defendant. The allegations of plaintiffs' petition which were adjudged by the Oklahoma court as true, declared that in the months of November and December, 1946, plaintiffs invested, by purchase of stock, $20,000 in the Crosby Publishing Company of which defendant purportedly was president. They were induced to invest such sums by means of false and fraudulent representations made by defendant to plaintiffs, and known to defendant to be false at the time they were made. The representations concerned the solvency of the publishing company, its ability to repurchase the stock bought by plaintiffs, and the personal solvency of defendant to insure repayment of the invested sums if the publishing company

failed to do so. In January, 1947, plaintiffs loaned the company an additional $3,000, delivering the money to the defendant upon his representations, just as before, that the company was currently solvent, would meet its obligations to plaintiffs, and that defendant individually was solvent, all of which representations were known by defendant to be false at the time they were made. Plaintiffs received a note in the amount of the loan, secured by a chattel mortgage on certain books. In June, 1947, when the note became due and demand for payment was made, defendant, in consideration of plaintiffs' extending the time of payment of the note, and refraining from instituting proceedings to collect it, executed to plaintiffs his personal note for the entire $23,000, payable on demand without interest. In March, 1948, the Crosby Publishing Co. was adjudged a bankrupt, its creditors and stockholders realizing nothing. It was this occasion which first revealed to plaintiffs the falsity of defendant's representations. The defendant's personal note remained unpaid, and plaintiffs instituted suit against defendant.

The Oklahoma action was a suit on the promissory note. The Oklahoma court rendered judgment for the face amount, plus attorney's fees, less a small credit. However, in their petition, plaintiffs pleaded with particularity the false and fraudulent representations of defendant, apparently with the mindful purpose of preserving defendant's fraud so as to save the judgment from a possible release if defendant obtained a discharge in bankruptcy.

On February 1, 1954, plaintiffs filed suit on the Oklahoma judgment here. On January 31, 1955, we entered judgment in favor of plaintiffs, giving full faith and credit to the foreign judgment. On August 7, 1956, execution issued, but was returned August 13 unsatisfied. A garnishee summons was served upon the Grolier Society, Inc., on August 13, 1956.

Defendant now moves for relief from the judgment, requesting an order quashing the writs of execution and garnishment on the grounds that on February 25, 1955, he filed a voluntary petition in bankruptcy, listing plaintiffs' judgment as a liability in Schedule A(3); and that on March 27, 1956, he was duly discharged. This discharge, defendant urges, bars execution and garnishment on the judgment.

Plaintiffs' contention that defendant's discharge in bankruptcy did not release him from liability upon the judgment depends upon the construction to be given Section 17, sub. a(2) of the Bankruptcy Act, 11 U.S.C.A. § 35, sub. a(2), which provides that:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations."

In determining whether an obligation is excepted from the effect of discharge, we must consider whether or not money has been obtained by false pretenses or false representations, the character of the false pretense or representation, the effect of obtaining a judgment upon the character of the liability, and, lastly, whether or not plaintiffs waived the nondischargeable character of the liability by taking judgment on the note.

The Oklahoma judgment establishes the existence of the actual, as distinguished from constructive, fraud necessary to bring plaintiffs' claim within the statutory exception of Section 17, sub. a(2). All elements are present. Defendant made a material representation; it was false; he made it when he knew it was false; he made it with intent that plaintiffs should rely upon it; plaintiffs in fact did rely upon it and were injured. These facts clearly and sufficiently indicate the existence of the fraud at the inception of the debt. In re Blakesley, D.C., 27 F.Supp. 980.

The facts as alleged by plaintiffs and found by the Oklahoma Court strongly support a conclusion that defendant, by his behavior, created a liability in favor

of plaintiffs for obtaining money by false representations which would be non-dischargeable in bankruptcy. It remains only to be determined whether reduction of the liability to judgment affects its dischargeability, and further whether plaintiffs waived the non-dischargeability of the obligation by suing in contract and taking judgment on the note.

██ No longer is it open to question that the obtaining of a judgment does not alter the non-dischargeability of a claim. The reduction of a claim to judgment will not preclude inquiry into the original nature of the obligation behind the judgment. However, the record is decisive as to character of the claim upon which the judgment is founded. The Court cannot go beyond the record. Hargadine-McKittrick Dry Goods Co. v. Hudson, C.C., 111 F. 361, affirmed, 8 Cir., 122 F. 232; Harrington & Goodman v. Herman, 172 Mo. 344, 72 S.W. 546. The record shows that plaintiffs were induced by defendant's false representations to part with their money and accept the note in suit; that they were blinded by defendant's artifices and falsehoods, and thereby took the note, which otherwise they would not have taken. Under these circumstances, the note is a liability for obtaining money by false pretenses or false representations. Blackman v. McAdams, 131 Mo.App. 408, 111 S.W. 599. Plaintiffs reduced the note to judgment, and defendant immediately took bankruptcy. If the note is a liability for fraud in the sense that the loan for which it was given was obtained by fraud, no less is the judgment such a liability.

██ The last matter for decision is whether plaintiffs waived or abandoned the non-dischargeability of the liability by suing defendant originally on the note, and taking judgment in contract. An action of that character does not preclude the assertion that the money was obtained by false representations. The fraud may be pleaded to save the judgment from release by discharge. This is precisely what plaintiffs did. It cannot be said that plaintiffs waived the non-dischargeable character of the liability in their favor, because they failed to allege the fraud involved in the transaction. On the contrary, plaintiffs strenuously and specifically alleged facts which showed that the debt was created by false representations. Plaintiffs clearly preserved the fraud essential in protecting the liability from a bar of discharge in bankruptcy.

The actual character of the liability, rather than the form of action, must control. Congress realized this when, by the 1903 amendment of the Bankruptcy Act, they substituted the word "liabilities" for "judgments in actions for fraud." 30 Stat. 550. The amendment broadened the exception significantly by making non-dischargeability depend upon the character of the liability, instead of the form of action.

For the Court to decide this matter otherwise would be to penalize the plaintiffs for having reduced their note to judgment before bankruptcy of defendant. This cannot be the assumed intent of Congress. As a matter of fact, it would frustrate the very purpose of the law, which was to prevent the bankrupt from retaining the benefits of property acquired by fraudulent means.

For the foregoing reasons, defendant's motion for relief from judgment is overruled. It is so ordered.